UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD COTROMANO, BETHANY
COTROMANO, FRANK DECARLO,
PAULETTE DECARLO, GREGORY
DUNSFORD, JENNIFER DUNSFORD,
JOYCE FEATHERSTON, BILL
FEATHERSTON, ROBERT T. NEWFIELD
and TRACY NEWFIELD, all on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

UNITED TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Connecticut Corporation, and PALM
BEACH AGGREGATES, LLC, a Florida
Corporation,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant United Technologies Corporation, Pratt & Whitney Group ("Pratt & Whitney") pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 hereby gives notice of the removal of the above-captioned matter from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.  In support thereof, Defendant states as follows:

    I.    **PROCEDURAL COMPLIANCE**

On August 16, 2013, Plaintiffs Richard Cotromano, Bethany Cotromano, Frank DeCarlo, Paulette DeCarlo, Gregory Dunsford, Jennifer Dunsford, Joyce Featherston, Robert T. Newfield and Tracy Newfield (hereinafter "Plaintiffs"), filed an action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida captioned *Richard Cotromano, Bethany*

*Cotromano, Frank DeCarlo, Paulette DeCarlo, Gregory Dunsford, Jennifer Dunsford, Joyce Featherston, Robert T. Newfield and Tracy Newfield, all on behalf of themselves and all others similarly situated v. United Technologies Corporation, Pratt & Whitney Group, and Palm Beach Aggregates, LLC,* Case No. 2013CA012955XXXXMBAA. The Complaint contains the following claims: (I) Diminution of Value via Negligence against Pratt & Whitney and Palm Beach Aggregates, LLC ("Aggregates") and (II) Diminution of Value via Strict Liability against Pratt & Whitney and Aggregates on behalf of a putative class. The Complaint was received by Defendant Pratt & Whitney on August 16, 2013. Aggregates also received a copy of the Complaint on August 16, 2013. Accordingly, this Notice of Removal is filed within the time period authorized by 28 U.S.C. § 1446(b). Copies of the process, pleadings, and orders served on Pratt & Whitney are attached as **Exhibit A**, in accordance with 28 U.S.C. § 1446(a).

Venue lies in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 89(c). Federal jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 because the case is removable pursuant to federal law, and also pursuant to § 1332(d) because at least one plaintiff is diverse from Pratt & Whitney and the purported class, as a whole, seeks in excess of $5,000,000 in damages.[1]

## II.     SUMMARY OF GROUNDS FOR REMOVAL

### A.     Diversity of Citizenship Under the Class Action Fairness Act ("CAFA")

This case is removable pursuant to 28 U.S.C. §1332(d) and 1441(a). This Court has jurisdiction of any civil action in which the matter in controversy exceeds $5,000,000 and in which either any member of a putative class is a citizen of a state different from any defendant. *Id.* §1332(d)(2)(A). In this action, Plaintiffs Richard Cotromano, Bethany Cotromano, Frank

---

[1] Immediately upon the filing of this Notice of Removal, Defendant will file a copy of the Notice with the clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and will provide written notice to counsel for Plaintiffs, all in accordance with 28 U.S.C. § 1446(d).

DeCarlo, Paulette DeCarlo, Joyce Featherston, Robert T. Newfield and Tracy Newfield are citizens of the State of Florida.  Plaintiffs Gregory Dunsford and Jennifer Dunsford are citizens of the State of Tennessee.  Defendant Pratt & Whitney is a citizen of a state other than Florida.  Pursuant to 28 U.S.C. § 1332(c)(1), a defendant corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business.  Pratt & Whitney is a corporation organized under the laws of Delaware, with its principal place of business in Connecticut.  Pratt & Whitney is thus a citizen of both Delaware and Connecticut.  28 U.S.C. § 1332(c)(1); (Compl. ¶7).

Removal under 28 U.S.C. § 1332(d) is appropriate because at least one plaintiff is a citizen of a state diverse from UTC's citizenship, and the entire class seeks over $5,000,000 in damages.  Although Plaintiffs do not specifically state the amount in controversy, counsel for Plaintiffs has acknowledged  that Plaintiffs seek  damages that exceed $5,000,000, exclusive of interest and costs.  A copy of the August 23, 2013 letter to J. Scarola confirming the amount in controversy is attached hereto as **Exhibit B**.  Further, as described above, the Complaint alleges that all but two Plaintiffs are citizens of Florida.  (Compl. ¶¶2-6) (according to their allegations, the Dunsfords are citizens of Tennessee). *See Krasny v. Waser*, 147 F.Supp.2d 1300, 1304 (M.D. Fla. 2001) ("In considering whether it possesses 'federal question' jurisdiction over a removed case, a district court is guided by the 'well-pleaded complaint rule,' which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination.")

As such, diversity jurisdiction is appropriate under CAFA.  28 U.S.C. § 1332(d).

B. **Removal Is Appropriate Under The Atomic Energy Act Of 1954, As Amended By The Price-Anderson Amendments Act Of 2005, Under The Doctrine Of Complete Preemption.**

There is a separate and independent ground for removal of this action as a federal question, pursuant to the Atomic Energy Act of 1954, as amended by the Price-Anderson Amendments Act of 2005, 42 U.S.C. §2011, *et seq.* (the "Price-Anderson Act"). The Price-Anderson Act gives federal courts jurisdiction over tort actions arising from certain nuclear materials as defined in the statute. The statute expressly provides for removal of such actions brought in state court even when they assert only state-law claims. 42 U.S.C. §2014(hh);

> [T]he Price-Anderson Act transforms into a federal action "any public liability action arising out of or resulting from a nuclear incident," § 2210(n)(2). The Act not only gives a district court original jurisdiction over such a claim, but provides for removal to a federal court as of right if a putative Price-Anderson action is brought in a state court. Congress thus expressed an unmistakable preference for a federal forum, at the behest of the defending party, both for litigating a Price-Anderson claim on the merits and for determining whether a claim falls under Price-Anderson when removal is contested.

*El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 485-86 (internal citations omitted).

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 USC §1441(b). To determine whether the claim arises under federal law, this Court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), *citing Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *see also Krasny*, 147 F.Supp.2d at 1304 (M.D. Fla. 2001) ("In considering whether it possesses 'federal question' jurisdiction over a removed case, a district court is guided by the 'well-pleaded complaint rule,' which provides that the plaintiff's properly pleaded complaint governs the

4

jurisdictional determination."); *Samples v. Conoco, Inc.*, 165 F.Supp.2d 1303, 1308 (N.D. Fla. 2001) ("The well-pleaded complaint rule guides the determination of whether an action arises under federal law.  Under this rule, a case may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based on federal law.'") (internal citations omitted).

The claims asserted by the Plaintiffs against Pratt & Whitney arise under the Price-Anderson Amendments to the Atomic Energy Act.  The federal courts have exclusive jurisdiction over actions arising under the Price-Anderson Act. 42 U.S.C. § 2210(n)(2); *see Hand v. Cargill Fertilizer, Inc.*, 2005 WL 3293823 (11th Cir. Dec. 6, 2005) (affirming removal of wrongful death action from Florida state court to the federal court.); *see also Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998).

Removal of this action is appropriate under the Price-Anderson Act, because Plaintiffs have alleged a tort claim based on alleged uranium and thorium contamination.  While Pratt & Whitney categorically denies that it caused any such contamination, for jurisdictional purposes the allegations are sufficient to confer federal jurisdiction.  The Price-Anderson Act provides, in pertinent part:

> With respect to ***any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place***, or in the case of a nuclear incident taking place outside the United States, the United States District Court for the District of Columbia, ***shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy***. Upon motion of the defendant or of the Commission or the Secretary, as appropriate, any such action pending in any State court (including any such action pending on August 20, 1988) or United States district court shall be removed or transferred to the United States district court having venue under this subsection.

42 USC §2210(n)(2) (emphasis supplied).

A "public liability action" is any suit asserting public liability growing out of exposure to nuclear radiation. 42 U.S.C. § 2014(hh). A "public liability" is:

> legal liability *arising out of or resulting from a nuclear incident* or precautionary evacuation (including all reasonable additional costs incurred by a State, or a political subdivision of a State, in the course of responding to a nuclear incident or a precautionary evacuation),…

42 USC §2014(w) (emphasis supplied).

A "nuclear incident" is defined as:

> *any occurrence*, including an extraordinary nuclear occurrence, *within the United States causing,* within or outside the United States, bodily injury, sickness, disease, or death, or *loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material*…

42 USC §2014(q) (emphasis supplied). The statute defines source material as:

"Source material" is:

> (1) *uranium, thorium*, or any other material which is determined by the Commission pursuant to the provisions of section 2091 of this title to be source material; or (2) ores containing one or more of the foregoing materials, in such concentration as the Commission may by regulation determine from time to time.

42 USC §2014(z) (emphasis supplied).

In the Complaint, Plaintiffs allege that their properties were contaminated by, *inter alia*, Uranium-234, Uranium-235, Uranium-236, and Thorium. (Compl. ¶¶30-32). Plaintiffs further allege that Pratt & Whitney used some or all of these radionuclides or its parent. (Compl. ¶¶39, 42). According to Plaintiffs, Pratt & Whitney "failed to use and maintain these materials safely and has emitted these materials into the surface and ground waters in Corbett and into the Acreage as part of routine misuse, dumping and neglect." (Compl. ¶40). Plaintiffs further claim that as a consequence of Defendants' misuse or improper disposal of the radionuclides, including Uranium and Thorium, the levels of radionuclides found at the Plaintiffs' properties "greatly

6

exceeded the Maximum Contaminant Level (MCL) for alpha emitters set for drinking water by the Environmental Protection Agency of 15 picocuries per liter (pci/L)." (Compl. ¶62).

Plaintiffs sued Defendants Pratt & Whitney and Aggregates for damages to Plaintiffs' properties resulting from: (I) Diminution of Value via Negligence; and (II) Diminution of Value via Strict Liability.

Because Plaintiffs' claims are dependent on damage purportedly caused by Uranium and Thorium, Plaintiffs' state-law claims "arise under" the laws of the United States, and are completely preempted by the Price-Anderson Act. *Samples*, 165 F.Supp.2d at 1309 *citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Under the doctrine of complete preemption, Congress may preempt an area of law so completely that any complain raising claims in that area is necessarily federal in character and therefore necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction.") Pratt & Whitney denies any liability or tortious conduct, and will defend these actions appropriately. For purposes of federal court jurisdiction, however, it is well-settled that jurisdiction is determined from the "well-pleaded allegations" of the Complaint. *Louisville & National Railroad v. Mottley.* The allegations of the Complaint bring this action squarely within the Price Anderson Act, and the case is therefore removable.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and the Price-Anderson Act, Defendant United Technologies Corporation, Pratt & Whitney Group respectfully requests this Court remove the above-captioned civil action, which is currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida, to federal court, and for such further relief as this Court deems just and appropriate.

> GUNSTER, YOAKLEY & STEWART, P.A.
> 777 South Flagler Drive, Suite 500 East
> West Palm Beach, FL 33401
> Telephone: 561-655-1980
> Facsimile: 561-655-5677
> *Attorneys for Defendant United Technologies Corporation (Pratt & Whitney)*
>
> By:   s/Gregor J. Schwinghammer, Jr.
> GREGOR J. SCHWINGHAMMER, JR.
> Florida Bar No. 090158
> gschwinghammer@gunster.com
> G. JOSEPH CURLEY
> Florida Bar No. 571873
> jcurley@gunster.com
> FABIENNE E. FAHNESTOCK
> Florida Bar No. 00145483
> ffahnestock@gunster.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of September, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, and is being served this day on all counsel of record on the attached Service List via E-mail and U.S. Mail.

> s/Gregor J. Schwinghammer, Jr.
> Gregor J. Schwinghammer, Jr.

**SERVICE LIST**
**Cotromano, et al. v. Pratt & Whitney, et al.**
**Case No. _____**

Jack Scarola, Esq.
Mara Hatfield, Esq.
Searcy Denney Scarola
  Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Telephone:  561-686-6300
Facsimile:  561-383-9451
E-Mail:  jsx@searcylaw.com;
mrh@searcylaw.com; dtm@searcylaw.com
*Attorneys for Plaintiffs*

Thomas D. Allen, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road NE, Suite 2400
Atlanta, GA  30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
E-Mail:  tallen@wwhgd.com;
bmartin@wwhgd.com
*Attorneys for Defendant, Palm Beach Aggregates, LLC*

Laura L. Voght, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road NE, Suite 2400
Atlanta, GA  30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
E-Mail:  lvoght@wwhgd.com;
ksimpson@wwhgd.com
*Attorneys for Defendant, Palm Beach Aggregates, LLC*

Steve J. Rapp, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road NE, Suite 2400
Atlanta, GA  30326
Telephone:  404-876-2700
Facsimile:  404-875-9433
E-Mail: srapp@wwhgd.com
*Attorney for Defendant, Palm Beach Aggregates, LLC*

WPB_ACTIVE 5608788.1