UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, et al, all on
behalf of themselves and others similarly situated,

Plaintiffs,

vs.

UNITED TECH. CORP., Pratt & Whitney Group,
a Connecticut Corp., and PALM BEACH
AGGREGATES, LLC, a Florida corporation,

Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO PRECLUDE

This cause is before the Court upon Plaintiffs' Motion to Preclude UTC from Relying Upon Undisclosed Expert Testimony and to Strike Defendant UTC's *Daubert* Motions (DE 555). The Motion is fully briefed and ripe for review. The Court held a hearing on the motion on April 3, 2020.  The Court has carefully considered the Motion and the arguments of the parties and is otherwise fully advised in the premises.

Plaintiffs move to strike Defendant's *Daubert* motions (DE 544, 545 and 549) on the basis that they rely upon expert opinions that have not been disclosed.  Alternatively, Plaintiffs seek to file *Daubert* motions with respect to each of Defendant's "late disclosed experts." (Mot. At 1.)

In making this motion, Plaintiffs state that Defendant's disclosure date for filing new expert opinions was August 9, 2019 and the deadline for *Daubert* motions was January 17, 2020, pursuant to the scheduling order at docket entry 475.  The expert deadline required the parties to

file new experts and updates from experts who had been previously disclosed. According to Plaintiffs, Defendant only disclosed an expert as to damages and did not disclose experts as to liability or causation. Nonetheless, when Defendant filed its *Daubert* motions, it incorporated undisclosed expert opinions as a basis for striking Plaintiffs' experts. Plaintiffs claim they lost the opportunity to file *Daubert* motions against Defendant's experts and filed a summary judgment on the belief that its own experts were unrebutted by Defendant's experts. Plaintiffs also claim there is no good cause to amend the scheduling order to allow Defendant to disclose these experts now and that Plaintiffs would be prejudiced by this late disclosure.

Defendant responds that the expert opinions supporting Defendant's *Daubert* motions were properly disclosed. Defendant states that it disclosed these experts in the related injury cases[1] and that its only failure was not filing a notice of designation of these same experts in the property cases. Defendant points out that, with respect to its responsive experts, Plaintiffs have deposed those experts and served reply reports. Defendant notes that it does not object to allowing Plaintiffs to file *Daubert* motions against Defendant's responsive experts.

In moving to strike, Plaintiffs rely on Rule 16(b), which requires that a party seeking leave to amend a deadline designated in a scheduling order must demonstrate "good cause." See Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Diligence, not lack of prejudice, is the "touchstone" of the Rule 16(b) inquiry. See Roberson v. BancorpSouth Bank, Inc., No. CIV.A. 12-0669-WS-N, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) (citing DeVarona v. Discount Auto Parts,

---

[1] "Injury cases" is the shorthand for case number 10-cv-80883 and its member cases. The instant case is referred to with the shorthand "property cases."

LLC, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement.")).

In contrast, Defendant relies upon Rule 37(c) which governs a party's failure to disclose a witness and allows the Court to prohibit the use of the witness in that circumstance, unless the failure to disclose was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Under either standard, Defendant has met the requirement to use its experts in support of its *Daubert* motions. Although Defendant ought to have filed a notice in this case number designating its experts by August 9, 2019, the experts at issue are not new to Plaintiffs. Indeed, it is undisputed that Plaintiffs had the opportunity to engage in full discovery with respect to these experts. Defendant acted timely in disclosing its experts in the context of what has been described as the "cancer cluster litigation," where the discovery taken has been overlapping between the so-called "personal injury cases" and the "property cases." The issue of causation had been central to both categories of cases, and the challenged experts all relate to that central issue. Defendant merely failed to file an additional notice relative to these experts under this case number, which was an oversight. Furthermore, this Court has a strong preference for deciding cases on the merits, and not on a procedural misstep. See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014) ("we have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible.") After all the years of hard fought litigation on this central issue, it would not serve the interests of justice to have the case decided with one party having less than all of its experts where the opposing party both received the experts' reports and have their depositions.

Likewise, Defendant has met the standard under Rule 37. The failure to file the additional notice under this case number is harmless. Although Plaintiffs point to prejudice, that

3

prejudice can be easily remedied. Plaintiffs will be granted their alternative relief; that is, to file *Daubert* motions regarding Defendant's experts. Moreover, because Plaintiffs state that they would have filed a different summary judgment motion had it known its experts were not unrebutted, the Court will permit Plaintiffs to file an amended summary judgment motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to Preclude UTC from Relying Upon Undisclosed Expert Testimony and to Strike Defendant UTC's *Daubert* Motions (DE 555) is **GRANTED IN PART AND DENIED IN PART**.

2) Plaintiffs may file *Daubert* motions. Under the circumstances, which include the fact that the trial of this case has been continued, the Court requests that the parties attempt to agree on a briefing schedule within 10 days. If the parties cannot agree, then they should submit their respective proposed schedules to the Court, and the Court will set the schedule.

3) Plaintiffs may also file a modified or amended summary judgment motion. As with the *Daubert* motions, the Court requests that the parties attempt to agree on a briefing schedule within the next 10 days. If the parties cannot agree, then they should submit their respective proposed schedules to the Court, and the Court will set the schedule.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of April, 2020.

KENNETH A. MARRA
United States District Judge