UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, et al, all on
behalf of themselves and others similarly situated,

Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES CORP.,
d/b/a Pratt Whitney,

Defendant.
_____/

**ORDER**

This cause is before the Court upon Defendant's Daubert Motion to Exclude the Testimony of William Sawyer (DE 604).  The Motion is fully briefed and ripe for review. The Court held a hearing on the Motion on February 12 and February 23, 2021.  The Court has carefully considered the Motion and the arguments of counsel and is otherwise fully advised in the premises.

Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony. The rule provides that a qualified expert may testify in the form of opinions or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702.

The Court acts as a "gatekeeper" to make sure the admissibility of expert testimony is consistent with Rule 702 of the Federal Rules of Civil Procedure. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 n.7 (1993); United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). There is a "rigorous three-part inquiry" to be used in determining the admissibility of expert testimony under Rule 702. Frazier, 387 F.3d at 1260. First, the expert must be qualified to offer his opinion. Id. Second, the expert's opinions must be sufficiently reliable. Id. Lastly, the expert's testimony must assist the trier of fact to understand the evidence or determine a fact in issue. Id.

The Eleventh Circuit has explained that there are two types of toxic tort cases: "[T]hose cases in which the medical community generally recognizes the toxicity of the drug or chemical at issue and those cases in which the medical community does not generally recognize the agent as both toxic and causing the injury the plaintiff alleges." McClain v. Metabolife Intern., Inc., 401 F.3d 1233, 1241 (11th Cir. 2005).  "When analyzing an expert's methodology in toxic tort cases, the court should pay careful attention to the expert's testimony about the dose-response relationship." Id. Essentially, dose-response is "the hallmark of basic toxicology." Id. at 1242. A dose-response assessment estimates scientifically "the dose or level of exposure at which [the substance at issue] causes harm." Id. at 1241. It is the "single most important factor to consider in evaluating whether an alleged exposure caused a specific adverse effect." Chapman v. Procter & Gamble Distrib., LLC, 766 F.3d 1296, 1307 (11th Cir. 2014).

Plaintiffs do not dispute that Dr. Sawyer did not perform a dose-response calculation.  At the hearing, Plaintiffs' argued that Dr. Sawyer relied upon Mr. Bernd Franke's dose-response calculation.  A review of Mr. Franke's reports shows that this is not the case.  (See DE 604-3, 604-4, 604-5, 604-14, 604-21.)   Moreover, the Court rejects Plaintiffs' justifications or

explanations as to why Dr. Sawyer did not have to perform a dose-response calculation. Because the Court concludes that a dose-response calculation is required by Eleventh Circuit Court of Appeals precedent, Dr. Sawyer's failure to perform the dose-response calculation requires the Court to strike him as an expert.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Daubert Motion to Exclude the Testimony of William Sawyer (DE 604) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2021.

KENNETH A. MARRA
United States District Judge

.

---

[1] The Court is also striking Mr. Franke as an expert, which provides additional grounds to strike Dr. Sawyer.