UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, et al, all on
behalf of themselves and others similarly situated,

Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES CORP.,
d/b/a Pratt Whitney,

Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]

This cause is before the Court upon the Cotromano et al Plaintiffs' Motion for Summary Judgment as to Liability and Against Certain Affirmative Defenses (DE 552). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiffs seek summary judgment on numerous grounds including that (1) the expert testimony[2] of Brian Moore and Michael Gossman establishes that Defendant breached the standard of care appliable to its remediation practices; (2) the expert testimony of Dr. Marco Kaltofen establishes that Defendant discharged a hazardous substance in violation of Florida Statute § 376.313(3) for which Defendant is strictly liable; (3) no reasonable jury could fail to

---

[1] The Court presumes familiarity with its prior Orders.

[2] Throughout their motion, Plaintiffs contend that their experts' testimony is unrebutted based on Defendant's alleged failure to disclose their experts. Subsequent to the motion being filed, the Court concluded that Defendant had disclosed their experts and permitted Plaintiffs to file an amended summary judgment motion (DE 590). Plaintiffs declined to do so.

find a "reasonably close causal connection" between Defendant's breach of the standard of care or its "section 373.313(3) covered pollution" and the pediatric brain cancer in the Acreage based on the expert testimony of Dr. Francesca Dominici, Dr. Kaltofen and Mr. Moore; (4) Dr. Dominici's relies on experts Dr. Ari Perry, Dr. William Sawyer and Mr. Bernd Franke to infer that Defendant's contamination of the Acreage caused the cancer cluster; (5) there is no dispute that the cancer cluster caused a diminution in the value of Plaintiffs' homes and the Court may consider the testimony of the homeowners, realtors and expert Dr. John Kilpatrick with respect to this issue and (6) Defendant's affirmative defenses to liability are inapplicable or unsupported.

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. When the nonmoving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

Significantly, the Court has stricken three of the experts upon whom Plaintiffs rely in their motion, namely, Mr. Moore, Dr. Sawyer and Mr. Franke. The exclusion of this testimony, as well as genuine issues of material fact raised by Defendant, makes granting summary judgment for Plaintiffs inappropriate. The Court will highlight some of these questions of fact, which is by no means exhaustive.

With respect to Plaintiffs' standard of care argument, Plaintiffs are unable to rely upon Mr. Moore, who has been stricken. As for Plaintiffs' reliance on the opinion of Mr. Gossman, Defendant has pointed to the expert reports of Mr. Kilian Paul Steinmeyer which a jury may find rebut the opinion of Mr. Gossman and which this Court concludes raises genuine issues of

material fact. (Steinmeyer Reports, DE 573-3, 573-4, 573-5.) As such, the Court cannot conclude, as a matter of law, that Defendant violated the appropriate standard of care.

Next, Plaintiffs' motion contends that the Court can find, as a matter of law, that Defendant discharged a hazardous substance in violation of Florida Statute § 376.313(3) for which Defendant is strictly liable based on the following:

> Th230, TH232, Sr90, and Cs-137 were all found on the UTC site at levels above USA EPA Preliminary Remediation Levels, alongside benzopyrene and metals detected at levels magnitudes above FDEP Soil Clean Up Target Levels. Soils at these sites were transported by Acreage based fill providers. These contaminants were then found at UTC homes. DEP had found levels above its own standards for benzopyrene and arsenic at these homes.

(DE 551 ¶ 50) (parenthetical removed).

Defendant, however, disputes these facts and relies upon Dr. John Frazier, a health physicist, who concluded with "a very high degree of scientific certainty" that the testing data does not show any radioactive contamination. (DE 374-1 at 12-34.) Based on this dispute between the parties, the Court cannot find, as a matter of law, that Defendant discharged a hazardous substance.

Equally problematic for Plaintiffs is their reliance on Dr. Dominici's opinion as a basis to grant them summary judgment. According to Plaintiffs, Dr. Dominici relies Dr. Ari Perry, Dr. Sawyer, and Mr. Franke to "infer" that Defendant's contamination of the Acreage caused the cancer cluster. To the extent Dr. Dominici relies upon witnesses that have been stricken, such as Dr. Sawyer and Mr. Franke, her opinion is significantly weakened. With respect to her reliance on Dr. Perry, Dr. Dominici admitted that she did not review his expert report or testimony but looked only at information provided to her from counsel. (DE 559-2 at 52.) Even assuming Dr. Dominici can rely upon all three of Plaintiffs' tendered experts, while a jury may find Dr.

Dominici's opinion is worthy of being credited, this Court cannot draw such a conclusion as a matter of law.

Similarly, although Plaintiffs are free to argue to a jury that Defendant's practices resulted in the transport of contaminated soil to the Acreage, the Court cannot make this finding as a matter of law. Besides the parties' vigorously debating the facts surrounding any alleged transport (Compare DE 551 ¶¶ 11-50 with DE 573 ¶¶ 11-50), Plaintiffs rely upon Mr. Moore, an expert whom the Court has stricken.

Nor can the Court decide, as a matter of law, that there has been a diminution in the value of Plaintiffs' homes due to the alleged cancer cluster. First, the Court cannot address the question of loss until the matter of causation has been resolved. Indeed, if Plaintiffs are not able to show that Defendant caused the cancer cluster, it is inappropriate to rule that Plaintiffs' property values diminished as a result of Defendant's action. Furthermore, Defendants raise numerous issues of fact regarding the expert opinion of Dr. John Kilpatrick which must be resolved at trial.[3]

Lastly, the Court declines to address Plaintiffs' request to find Defendant's affirmative defenses inapplicable or unsupported. With respect to affirmative defense 1 which concerns dose limits, there are questions of fact that preclude a ruling (Compare DE 551 ¶¶ 39,42, 44 with DE 573 ¶¶ 39, 42, 44.) Next, ruling on the affirmative defenses pertaining to the Price Anderson Act ("PAA"), 42 U.S.C. § 2210 would be premature until the resolution of the causation issue.

With respect to the statute of limitations affirmative defense, Plaintiffs claim, in part, that such a defense does not apply because (1) Plaintiffs' knowledge of Defendant's alleged connection to the cancer cluster was frustrated by the Florida Department of Health and (2) Defendant concealed information that would have identified it as the source of the alleged injury.

---

[3] The Court will resolve at trial the evidentiary issue of whether a lay person may testify on the issue of loss of home value.

Ruling on these two arguments at summary judgment would require the Court to make improper factual findings. Finally, the Court concludes that genuine issues of material fact exist as to when the claims in this case accrued and whether the earlier-filed Adinolfe case tolled the running of the limitations period for Plaintiffs in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment as to Liability and Against Certain Affirmative Defenses (DE 552) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2021.

KENNETH A. MARRA
United States District Judge