UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, et al, all on
behalf of themselves and others similarly situated,

Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES CORP.,
d/b/a Pratt Whitney,

Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]**

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 498). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

On June 26, 2019, Defendant filed the instant motion for summary judgment based primarily on the assumption that Plaintiffs' expert Dr. John Kilpatrick should be excluded from consideration and, upon such exclusion, summary judgment for Defendants would be appropriate.[2]  Additionally, Defendant argues that (1) Plaintiffs have not shown that (a) Defendant caused the "stigma" on which they base their claims, (b) that they have suffered any

---

[1] The Court presumes familiarity with its prior Orders.

[2] Defendant begins its brief in support of summary judgment by stating:

> [Defendant] has moved once again to exclude [Dr.] Kilpatrick's opinions.  Whether or not the Court grants that motion—but particularly if it does—the Court should grant summary judgment for [Defendant] now and put an end to the protracted, nine-year history of these consolidated cases.

(DE 498 at 4.)

injury in fact, or (c) the amount of their alleged damages; (2) Plaintiffs have not presented the individualized proof of causation and damages the Court held was necessary and (3) with the exclusion of Dr. Kilpatrick's testimony, Plaintiffs do not have evidence of causation or damages.

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. When the nonmoving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials

cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. <u>Anderson</u>, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." <u>Anderson</u>, 477 U.S. 242, 249-50.

After careful review, the Court concludes that there are genuine issues of material fact raised by Plaintiffs, making granting summary judgment for Defendant inappropriate. The Court will highlight some of these questions of fact, which is by no means exhaustive.

First and foremost, Defendant's summary judgment motion is based primarily on the premise that Dr. Kilpatrick would be excluded. The Court, however, declined to exclude Dr. Kilpatrick's testimony, finding Defendant's arguments for exclusion under <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993) unpersuasive. Specifically, the Court concluded that Defendant's arguments to exclude Dr. Kilpatrick's testimony did not go to the admissibility of Dr. Kilpatrick's expert opinion but went to the weight that a jury should afford his expert testimony. (DE 554.)

Next, the Court rejects Defendant's contention that Plaintiffs have not offered any expert to testify that Defendant caused the cancer cases in the Acreage[3] or that the dissemination of information about environmental conditions at Defendant's location or potential groundwater

---

[3] This is the Cotromano Plaintiffs' theory of their case.

3

contamination caused stigma in the Acreage.[4]  In opposing summary judgment, Plaintiffs point to their experts, including Dr. Francesca Dominici, Dr. Marco Kaltofen and Dr. Richard Smith. Notably, Defendant did not move to strike Dr. Dominici.[5]  Although Defendant moved to strike Dr. Kaltofen and Dr. Smith, the Court denied those motions.  (DE 642, 645.)  As such, these experts provide record evidence that supports Plaintiffs' theory of causation, thus raising questions of fact precluding summary judgment.

Lastly, the Court reminds the parties that it recently denied Plaintiffs' summary judgment motion that sought a ruling that there was a diminution in the value of Plaintiffs' homes.  The Court explained that it could not address the question of loss until the matter of causation had been resolved. (DE 647.)  This ruling applies equally to Defendant's summary judgment motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 498) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of March, 2021.

KENNETH A. MARRA
United States District Judge

---

[4] This is the Adinolfe Plaintiffs' theory of their case.

[5] The Court acknowledges that some of the experts upon which Dr. Dominici relies have been stricken, but at this point in the proceeding, her testimony remains unchallenged.