UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD COTROMANO, et al., all on behalf of
themselves and all others similarly situated,

    Plaintiffs,                                                 9:13-cv-80928 Marra

vs.

RAYTHEON TECHNOLOGIES CORPORATION,
Pratt & Whitney Group, a Connecticut Corporation,
and PALM BEACH AGGREGATES, LLC, a
Florida Corporation,

    Defendants.
_____/

**DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO
PROHIBIT EVIDENCE OR ARGUMENT REGARDING THE
<u>SUPPOSED HEALTH EFFECTS OF ALLEGED CONTAMINATION</u>**

## INTRODUCTION

Plaintiffs have no evidence that the levels of supposed radioactive contamination that they allege are capable of causing the type of injury at issue in these cases—brain cancer. In fact, they do not have evidence that *any* level of radioactive contamination, when merely present in one's soil or water, is capable of causing brain cancer. Pratt & Whitney, on the other hand, has put forth expert testimony confirming that low-level radioactive material in one's environment—like that which is reflected in Plaintiffs' testing data—is not capable of causing brain cancer. Plaintiffs should therefore be prohibited from arguing, eliciting testimony, or attempting to admit evidence about any supposed possibility that the soil Plaintiffs tested—or soil and water contaminated with radioactive materials in general—are capable of causing brain cancer.

## ARGUMENT

The presence of chemicals in one's environment—or even the actual ingestion of chemicals—does not necessarily pose a health risk. As the Eleventh Circuit itself recognized: "Often 'low dose exposures—even for many years—will have no consequence at all, since the body is often able to completely detoxify low doses before they do any damage.'" *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1242 (11th Cir. 2005) (quoting *Science for Judges I: Papers on Toxicology and Epidemiology*, 12 J.L. & POL'Y 1 (2003)). Both sides' experts agree, tacitly or explicitly, that this principle holds true for radioactive materials, acknowledging that we are all constantly surrounded by naturally occurring radioactivity in our environment. Ex. A (3/2/18 Frazier Rpt.) at 10 ("Everyone continuously receives doses of radiation from background radiation."); Ex. B (9/12/16 Kaltofen Tr.) at 187:12 – 188:3 (agreeing that naturally occurring radioactive materials are "ubiquitous" in Florida).

Because mere exposure to low levels of radioactivity in our environment does not necessarily pose a health risk, expert testimony is necessary to establish any such health risk from contamination alleged by a party. *Cf. McClain*, 401 F.3d at 1237-41 (holding that expert testimony is necessary to establish "the harmful level of exposure to a chemical"). *See also Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296 (11th Cir. 2014).

Here, Plaintiffs do not have an expert that can opine that the levels of supposed contamination they claim to have detected are capable of causing brain cancer. In fact, they do not have evidence that any amount of the contamination they allege, when merely present in one's soil or water, can cause brain cancer.

The only experts Plaintiffs put forth to opine on the cause of any individual's cancer or a supposed dose of radiation to an individual—Dr. Sawyer and Dr. Franke—were excluded from this case. DE 641; DE 644. And Dr. Kaltofen, Plaintiffs' radiological expert, explicitly disclaimed having any opinions about the medical import of the contamination he claims to have found. Ex. C (4/5/18 Kaltofen Tr.) at 247:12-18, 294:22 – 295:17 (disclaiming any expert opinion on the "medical cause" of cancer or more broadly the "health significance" of any of the concentrations of radioactive materials he claims to have found in his testing); Ex. B (9/12/16 Kaltofen Tr.) at 34:6-20 (admitting that he cannot opine on any "medical questions").

Nor can Plaintiffs' pathology expert, Dr. Arie Perry, offer an opinion linking radiological contamination in the Acreage to brain cancer. Plaintiffs recently admitted to the Court that Dr. Perry "will not give the opinion that the amount of radiation in The Acreage causes cancer." Ex. D (7/29/21 Hr'g Tr.) at 41:10-12. That concession is the result of the fact that Dr. Perry admits he "ha[s] no data about exposures or how much radiation was in the soil," "ha[s] no evidence of dose at all," and has "no basis to compare any plaintiff's exposure in this case to any of the

2

literature that [he has]." Ex. E (1/11/18 Hr'g Tr.) at 85:9-12, 85:19-24. Dr. Perry also cannot link contaminated soil or water to brain cancer. The only so-called "environmental" exposure Dr. Perry considered in forming his opinions was in the context of the detonation of atomic bombs, and *not* "radiation exposure under circumstances similar to what the plaintiffs allege here," i.e., "radiation exposure from water or soil in the environment." *Id.* at 83:9-18. To that end, Dr. Perry admits to having no opinion "on how an environmental exposure to soil or groundwater could result in a dose exposure to a person's brain," which necessarily prevents him from testifying that exposure to contaminated water or soil could cause brain cancer. *Id*. at 84:6-9.

Pratt & Whitney, on the other hand, has unrebutted evidence that the low levels of radioactive materials detected in Plaintiffs' soil samples *could not* cause brain cancer. Specifically, Dr. Mitchell notes that the literature contradicts that supposed causal connection Plaintiffs allege. Ex. F (2/20/18 Mitchell *Santiago* Rpt.) at 5. He cites, for example, a study of miners who experienced "continual exposure to high levels of inhaled radioactive thorium dust particles," and yet did not have increased incidences of brain tumors. *Id*. See also Ex. A (3/2/18 Frazier Rpt.) at 27-28 ("[E]ven if Plaintiffs' [Sr-90] results were accurate . . . those results are miniscule and do not present any health risk. . . . [E]ven if *all* the soil to which an Acreage resident was exposed had a concentration of Sr-90 that was equal to the very highest concentration that Plaintiffs' data reports . . . such soil would result in . . . a tiny fraction (roughly 0.04%, or 1/2500) of the average annual effective dose of 311 millirem that the average U.S. resident receives from natural background radiation.").

In sum, Plaintiffs have no admissible expert testimony suggesting that the type or amount of supposed contamination they claim to have detected in the Acreage poses any risk of brain cancer. Pratt & Whitney, to the contrary, has admissible expert testimony showing that neither

3

the low levels of radioactive materials reported by Plaintiffs in their testing data nor the mere presence of low-level radioactive materials in soil or water can cause brain cancer. Plaintiffs should therefore be prohibited from arguing, eliciting testimony, or attempting to admit evidence regarding the possibility that the levels of supposed contamination that they claim to have detected—or *any* amount of radioactive materials in one's soil or water—can cause brain cancer.

## CONCLUSION

For the foregoing reasons, Pratt & Whitney requests that its Motion *in Limine* No. 2 be granted, and that Plaintiffs be prohibited from introducing evidence or argument regarding any supposed health effects of the contamination that they allege or radiological contamination in one's environment.

**REQUEST FOR HEARING**

Pratt & Whitney respectfully requests a hearing on this motion. Pratt & Whitney believes that oral argument will aid this Court in understanding the facts and issues presented in the parties' briefing. Pratt & Whitney estimates that this motion requires 30 minutes of oral argument.

Dated:  October 22, 2021

Respectfully submitted,

By: */s/ Gregor J. Schwinghammer*
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East West Palm Beach, FL  33401
Telephone:  (561) 650-0595
Facsimile:  (561) 655-5677
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
BARBARA BOLTON LITTEN
Florida Bar No. 0091642
blitten@gunster.com

BARTLIT BECK LLP
54 West Hubbard Street, Suite 300 Chicago, IL 60654
Telephone:  (312) 494-4400
Facsimile:  (312) 494-4440
SEAN W. GALLAGHER - *Pro Hac Vice*
sean.gallagher@bartlitbeck.com
ANDREW C. MacNALLY - *Pro Hac Vice*
andrew.macnally@bartlitbeck.com
DANIEL R. McELROY - *Pro Hac Vice*
daniel.mcelroy@bartlitbeck.com
ALEX L. GRODEN - *Pro Hac Vice*
alex.groden@bartlitbeck.com

***Attorneys for Defendant Raytheon Technologies Corporation (Pratt & Whitney)***