UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:  9:13-cv-80928 MARRA**
**(Consolidated Action: Lead Case)**

RICHARD COTROMANO, et al., all on behalf of
themselves and all others similarly situated,

Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES CORPORATION, et al,

Defendants.

<u>COTROMANO PROPOSED JURY INSTRUCTIONS</u>

     The Cotromano et al. herein served their proposed jury instructions. Plaintiffs reserve the right to supplement, to amend or to modify these instructions prior to use at trial.

TABLE OF CONTENTS

**SECTION ONE**
**PRELIMINARY**

| TITLE | SOURCE | PAGE |
|---|---|---|
| **SECTION ONE**<br>**PRELIMINARY INSTRUCTIONS** | | |
| General Preliminary Instruction | 11th J.I. No. 1.1 | **1** |
| Overview of Claims<br>    Inserted: Negligence | Consolidated Complaint<br>Fla. Std. 401.1 | **2** |
| Inserted: Strict Liability | F.S. 376.313 and Lieupo<br>v. Simon's Trucking,<br>Inc., 286 So. 3d 143, 147<br>(Fla. 2019) | **3** |
| Burden of Proof | 11th J.I. No. 1.1 (cont.) | **5** |
| Clear and Convincing Evidence Standard as to<br>Punitive Damages | 11th J.I. No. 1.2 | **5** |
| Jury Questions | 11th J.I. No. 1.4 | **9** |
| Interim Statements | 11th J.I. 1.5 | **10** |
| **SECTION TWO**<br>**TRIAL INSTRUCTIONS** | | |
| Stipulations | 11th J.I. No. 2.1 | **11** |
| Use of Depositions | 11th J.I. No. 2.2 | **12** |
| Use of Recorded Conversations and Transcripts | 11th J.I. No. 2.3 | **13** |
| Interim Statements | 11th J.I. No. 2.4 | **14** |
| Judicial Notice | 11th J.I. No. 2.5 | **15** |
| Use of Interrogatories | 11th J.I. No. 2.6 | **16** |
| In-Trial Instructions on News Coverage | 11th J.I. No. 2.7 | **17** |

| **SECTION THREE**<br>**BASIC INSTRUCTIONS** | | |
|---|---|---|
| Introduction | 11th J.I. No. <u>3.1</u> | **<u>18</u>** |
| Duty to Follow Instructions - Corporate Party Involved | 11th J.I. No. <u>3.2.2</u> | **19** |
| <u>Consideration of Direct and Circumstantial Evidence;</u><br><u>Argument of Counsel; Comments by the Court</u> | 11th J.I. No. 3.3 | **20** |
| <u>Credibility of Witnesses</u> | 11th J.I. 3.4 | **21** |
| <u>Impeachment of Witnesses because of Inconsistent</u><br><u>Statements</u> | 11th J.I. 3.5.1 | **22** |
| Expert Witness - When Expert Fees Represent a Significant Portion of the Witness's Income | 11th J.I. 3.6.2 | **23** |
| <u>Responsibility for Proof - Preponderance of the</u><br><u>Evidence</u> | 11th J.I. 3.7.1 | **24** |
| <u>Responsibility for Proof - Affirmative Defense</u><br><u>Preponderance of the Evidence</u> | 11th J.I. 3.7.2 | **25** |
| <<< Duty to Deliberate and Allen Charge moved to end >>> | | |
| | | |
| **SECTION FOUR**<br>**SUBSTANTIVE INSTRUCTIONS** | | |
| Summary of Negligence Claim | Fla. Std. 401.2 | **27** |
| Negligence | Fla. Std. 401.4 | **28** |
| Burden of Proof on Negligence Claims | Fla. Std. 401.21 | **29** |
| Defense Issues | Fla. Std. 401.22 | **30** |
| Chapter 376 Strict Liability | Fla. Std. § 376.313 F.S. | **31** |
| Modified Burden Of Proof on Ch. 376 Claim | Fla. Std. 401.2 (Mod.) | **32** |
| Legal Cause on All Claims | Fla. Std. 401.12 | **33** |

| | | |
|---|---|---|
| **SECTION FIVE**<br>**DAMAGES INSTRUCTIONS** | | |
| **Property Damages** | Fla. Std. 501.1 | **34** |
| Property Damages: Elements (Modified) | Fla. Std. 501.2 (mod.) | **35** |
| Collateral Source Rule | Fla. Std. 501.8 | **36** |
| Punitive Damages — Non-Bifurcated Procedure | Fla. Std. 503.2 | **37** |
| **SECTION 600**<br>**CLOSING INSTRUCTIONS**<br><br>Duty to Deliberate when only the Plaintiff Claims Damages | 11th J.I. 3.8.1 | **40** |
| Election of Foreperson Explanation of Verdict Forms | 11th J.I. 3.9 | **41** |
| Verdict Form | | **42** |
| Civil Allen Charge | 11th J.I. 2.8 | **44** |
| | | |
| | | |

**1.1**

**General Preliminary Instruction (<u>modified as indicated.</u>)**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not *<u>base your verdict on things that are not evidence</u>*.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. *But the remarks themselves aren't evidence*.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. There are seven Plaintiffs, [Richard Cotromano, Bethany Cotromano, Frank DeCarlo, Paulette DeCarlo, Greg Dunsford, Jennifer Dunsford, and Joyce Featherston. Each of these persons owned properties in the Acreage Neighborhood in Palm Beach County, Florida on August 24, 2009. Each is a parent of a child whose brain cancer diagnosis was studied in the Acreage Cancer Review released on August 24, 2009.  They are hereinafter referred to as "The Parents."]  [The Parents], claim the Defendant, [Raytheon Technologies Corporation, formerly known as United Technologies Corporation, Pratt & Whitney Division],  [released radioactive materials in the Acreage when it transported soil waste from its facility that included radioactive waste was transported from its facility.

The Parents make two claims based on these breaches:

The Parents first claim is based on negligence. Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances.

Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.[1] The Parents allege that Pratt & Whitney failed to use and dispose of its radioactive materials in a reasonable manner and that this failure caused soil from its property to be transported to the Acreage where it was used as land fill during residential construction. Plaintiff claims these releases caused a significantly increased incidence of brain tumors to occur in the Acreage, which in turn caused a diminution in the value of the Acreage properties.[2]  The Parents claim that the presence of this fill product in the Acreage explains the presence of ionizing radiation in the Acreage. The Parents claim that a "cancer cluster" (that is , a greater-than-epxected number of cancer cases) was declared in the Acreage in late 2009, and that the magnitude of that cluster is such that it is more likely than not that the increase in the number of cancers was caused by a systematic cause rather than by random chance.  The Parents claim that the only systematic cause scientifically associated with such increased incidences of brain cancer is exposure to ionizing radiation. The Parents claim that the Defendant's negligent handling of contaminated soil associated with the declaration of a cancer cluster reduced the value of their property.[3]

Second, the Parents allege the releases of contaminants into the Acreage were in excess of the limits allowed by governing agencies, statutes and, when applicable, the Defendant's permits. In fact, they allege Pratt & Whitney was not permitted to use many of these radioactive

---

[1] Fla. Std. 401.4 Negligence
[2] Count V of Consolidated Complaint, DE 318.
[3] Count V of Consolidated Complaint, DE 318.

December 17, 2021          Cotromano Proposed Jury Instruction          4
*Modifications noted by underlining.*

materials and now no longer recalls which materials it had, how much it had, or why it had them. As such, they claim Pratt & Whitney is strictly and jointly liable for any and all property value reductions, called "stigma damages" caused by the contamination discovered during the investigation of the cancer cluster.[4] Under Chapter 376 of Florida statutes, and section 376.313 in particular, the Parents may "bring a cause of action …for all damages resulting from a discharge or other condition of pollution that is prohibited by Chapter 376.   Under that statute, it is not necessary for the Parents to prove negligence in any form or manner. The Parents need only plead and prove the fact of the prohibited discharge or other release.

[Raytheon Technologies Inc.(hereinafter Pratt & Whitney)] denies those claims and contends that [*describe counterclaims or affirmative defenses as summarized by P&W*].

Burden of proof:

The Parents have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Parents must prove that, in light of all the evidence, what they claims is more likely true than not. So, if you could put the evidence favoring the Parents and the evidence favoring Pratt & Whitney on opposite sides of balancing scales, the Parents need to make the scales tip to their side. If the Parents fail to meet this burden, you must find in favor of Pratt & Whitney.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After

---

[4] Count III of Consolidated Complaint, DE 318.

considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

### ---*INSERTED 1.2 Burden of Proof – Clear and Convincing Evidence*

*Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. <u>In addition to the two claims stated previously, the Parents also claim that each the releases of radioactive materials include reckless, knowing disregard of the safety of the neighboring communities and as such, they have made a claim for punitive damages. The clear and convincing  standard will apply to the question of whether Pratt & Whitney's actions included reckless disregard and whether punitive damages are to be assessed.</u>*

On certain issues, called "affirmative defenses," Pratt & Whitney has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Pratt & Whitney must prove for any affirmative defense. After considering all the evidence, if you decide that Pratt & Whitney has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should

keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

December 17, 2021          Cotromano Proposed Jury Instruction          7
_Modifications noted by underlining._

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Parents will present their witnesses and ask them questions. After counsel for the Parents questions the witness, Pratt & Whitney's counsel  may ask the witness questions – this is called "cross-examining" the witness. Then Pratt & Whitney will present its witnesses, and the Parents may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 Stipulations**

   Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2**

**Use of Depositions READING (if used in addition to Dr. Watkins, this will be provided on an as needed basis.)**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Dr. Sharon Watkins , taken on September 14, 2012, is about to be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Use of Depositions VIDEO.**

As we have discussed, a deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

<u>A deposition has been presented to you by a video. Videotaped deposition</u> testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**3.1 Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3 Consideration of Direct and Circumstantial Evidence;**
   **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

### 3.7.1 Responsibility for Proof – Plaintiff's Claims,
###      – Preponderance of the Evidence

In this case it is the responsibility of the Parents to prove every essential part of theirclaims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Parents claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Parents.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of The Parents claims by a preponderance of the evidence, you should find for Pratt & Whitney as to that claim.

### 3.7.2 Responsibility for Proof – Affirmative Defense
###    Preponderance of the Evidence

In this case, the Pratt & Whitney] asserts the affirmative defense[s] of ⬚⬚⬚⬚⬚⬚⬚. Even if the Parents proves their claims by a preponderance of the evidence, Pratt & Whitney can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Pratt & Whitney does not have to disprove the Parents' claims, but if Pratt & Whitney raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

401.2  SUMMARY OF NEGLIGENCE CLAIM

The claims and defenses in this case are as follows. The Parents claims that Pratt & Whitney was negligent in its use and disposal of radioactive materials including the manner in which it handled its waste, which caused harm to the Parents.

Pratt & Whitney denies that claim. [Additionally (describe any other affirmative defenses).]

[The parties] must prove their claims or defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

401.4  NEGLIGENCE

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

### 401.21  BURDEN OF PROOF ON NEGLIGENCE CLAIMS

If the greater weight of the evidence does not support the Parent's negligence claim, your verdict should be for Pratt & Whitney on the negligence claim.

However, if the greater weight of the evidence supports Parent's negligence claim, your verdict should be for the Parents and against Pratt & Whitney on the negligence claim.

## 401.22  DEFENSE ISSUES

**If, however, the greater weight of the evidence supports the Parent's negligence claims, then you shall consider the defenses raised by Pratt & Whitney.**

**On the [first]\* defense, the issue[s] for you to decide [is] [are]:**

*\*The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.*

 

Plaintiff reserves the right to respond to the manner in which Pratt & Whitney phrases or maintains its defenses.  Plaintiffs have removed all references to comparative fault as Section 768.81 Florida Statutes, Comparative Fault, does not apply to any action brought by any person to recover actual economic damages resulting from pollution.  See F.S. 768.81 (4).

## CHAPTER 376 CLAIM

The Parents have brought a cause of action for all damages resulting from an unauthorized discharge or other condition of pollution covered by Florida law and which was not authorized pursuant to chapter 403.To prevail on this claim, it is not necessary for the Parents to plead or prove negligence in any form or manner. They need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred.

*The defenses claimed by Pratt & Whitney do not apply to this claim.* [5]

---

[5] The only defenses to such cause of action shall be those specified in s. 376.308.

December 17, 2021                    Cotromano Proposed Jury Instruction                    31
*Modifications noted by underlining.*

**401.21 *(MODIFIED*) BURDEN OF PROOF ON *CHAPTER 376* CLAIMS**

If the greater weight of the evidence does not support the Parent's claim that a pollutive condition occurred as a result of Pratt & Whitney's soil transport, your verdict should be for Pratt & Whitney on the Florida Statutes claim.

However, if the greater weight of the evidence supports the Parents' claim that a pollutive condition occurred as a result of transport of contaminated soil Pratt & Whitney's facility, your verdict should be for the Parents and against Pratt & Whitney on the Florida Statute claim.

## 401.12  LEGAL CAUSE

**As to Negligence**

a.    *Legal cause generally:*

Negligence is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the negligence, the loss would not have occurred.

b.    *Concurring cause:*

In order to be regarded as a legal cause of loss, negligence need not be the only cause. Negligence may be a legal cause of loss even though it operates in combination with the act of another, some natural cause, or some other cause if the negligence contributes substantially to producing such loss.

**As to the Florida Statute**

a.  *Legal cause generally:*

A pollutive condition is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the pollutive condition, the loss would not have occurred.

b.    *Concurring cause:*

In order to be regarded as a legal cause of loss, negligence need not be the only cause. A pollutive condition may be a legal cause of loss even though it operates in combination with the act of another, some natural cause, or some other cause if the negligence contributes substantially to producing such loss.

501.1  PROPERTY DAMAGES.

      If your verdict is for Pratt & Whitney, you will not consider the matter of damages. But if the greater weight of the evidence supports the Parents' claim, you should determine and write on the verdict form, in dollars, the total amount of loss which the greater weight of the evidence shows will fairly and adequately compensate the parents for their loss.

### 501.2 PROPERTY DAMAGES: ELEMENTS (MODIFIED)[6]

The measure of such damage is the difference between what the value of the property if it were not stigmatized and the value of the property after it was stigmatized.

---

[6] As the claim is for property value loss, and not damage, the instruction has been modified to fit the claim.

## 501.8  COLLATERAL SOURCE RULE

You should not reduce the amount of compensation to which the Parents are otherwise entitled on account of wages, or other benefits which the evidence shows they may have received from some other source. The court will reduce as necessary the amount of compensation to which the Parents are entitled on account of any such payments.

### 503.2  PUNITIVE DAMAGES — NON-BIFURCATED PROCEDURE

*a.      Punitive damages generally:*

There is an additional claim in this case that you must decide.  If you find for the Parents and against Pratt & Whitney, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Pratt & Whitney and as a deterrent to others.

*b (2).   Direct liability for acts of managing agent, primary owner, or certain others:*

The Parents claim that punitive damages should be awarded against Pratt & Whitney for the acts of Donald Bilder, Jim Seelinger, Elliot Smith, Maura Heffernan, Perry Williams or any other managing agents and other persons whose conduct may warrant punitive damages without proof of a superior's fault in the manner in which radioactive materials were handled, stored, disposed of and the manner in which soil wastes were handled, supervised, and remediated.

Punitive damages are warranted against Pratt & Whitney if you find by clear and convincing evidence that the managing agents whose conduct may warrant punitive damages without proof of a superior's fault were guilty of intentional misconduct or gross negligence which was a substantial cause of loss to the Parents. Under those circumstances you may, in your discretion, award punitive damages against Pratt & Whitney.  If clear and convincing evidence does not show such conduct by any managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault, punitive damages are not warranted against (defendant).

A corporation may be held liable for punitive damages when it created a system where inadequate controls allowed for the reckless conduct.[7]

_____

[7] Melford v. Kahane & Assocs., 371 F. Supp. 3d 1116, 1129 (S.D. Fla. 2019) cirting *See Goodin v. Bank of Am., N.A.*, 114 F.Supp.3d 1197, 1215 (M.D. Fla. 2015) (awarding punitive damages in FCCPA case where court found bank grossly negligent in creating a system with inadequate controls and with no way for customers to bring errors to the attention of bank). Given the disputed issues of fact surrounding Plaintiff's entitlement to punitive damages, summary judgment on this claim must be denied. *See Dix v. United Parcel Serv., Inc.*, No. 04-14358-CIV, 2006 WL 5100537, at *1 (S.D. Fla. June 28, 2006) (declining to reconsider denial of judgment on punitive damages and noting that because the inquiry as to punitive damages is "fact intensive," the inquiry "is best conducted after the facts of th[e] case are presented to a jury").

*b)(4).   Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages:*

Parents claims that punitive damages should be awarded against Pratt & Whitney for the conduct of its waste transporters and of those employees who buried radioactive materials in the scrapyard or those employees and contractors who sent soil suspected of having radioactive materials to a local soil recycler. Punitive damages are warranted if you find by clear and convincing evidence that these employees and agents were personally guilty of intentional misconduct or gross negligence, which was a substantial cause of loss to the Parents and that:

(A).    Pratt & Whitney actively and knowingly participated in such conduct,; or

(B).    the managers of Pratt & Whitney knowingly condoned, ratified, or consented to such conduct; or

(C).    Pratt & Whitney engaged in conduct that constituted gross negligence and that contributed to the Parent's loss.

Under those circumstances, you may, in your discretion, award punitive damages against Pratt & Whitney. If clear and convincing evidence does not show such conduct, punitive damages are not warranted against Pratt & Whitney.

"Intentional misconduct" means that Pratt & Whitney's managing agents had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage and, despite that knowledge, they intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (Pratt & Whitney's managing agents was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

*Closing punitive damage instruction:*

If you decide that punitive damages are warranted against Pratt & Whitney then you must decide the amount of punitive damages, if any, to be assessed as punishment against Pratt & Whitney and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(1).    the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).    whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B).    whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Pratt & Whitney

(C).    whether, at the time of loss to the Parents, persons responsible for making policy decisions on behalf of the defendant had a specific intent to harm the Parents and the conduct did in fact harm the Parents,

[(2).The financial resources of Pratt & Whitney.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

### *VERDICT FORM*

We, the jury, return the following verdict:

As to Florida Statute Strict Liability Claim.

1.  Did Pratt & Whitney's use of radioactive materials cause a Pollutive Condition in the Acreage that caused a property value loss to any of the Parents?

    YES _____ NO _____

    If your answer to this question is YES, then your verdict on this claim is for the Parents.

    If your answer to this question is NO, then your verdict on this claim is for Pratt & Whitney.

    Regardless of how you answered question 1, answer question 2 below.

As to Negligence Claim

2.  Was there negligence on the part of Pratt & Whitney which was a legal cause of property value loss to any of the Parents?

    YES _____ NO _____

    If your answer to this question is YES, then your verdict on this claim is for the Parents.

    If your answer to this question is NO, then your verdict on this claim is for Pratt & Whitney.

    If your answer to **both** questions is NO, you should not proceed further except to date and sign this verdict form and return it to the courtroom.

    If your answer to **either** questions 1 **or** 2 is YES, proceed to question 3.

As to Damages

3.  What is the total amount of compensatory damage sustained by the following parents for the diminution in value of their properties

        **A.  Bethany and Richard Cotromano**    _____,

        **B.  Paul and Frank DeCarlo**    _____,

        **C.  Jennifer and Greg Dunsford**    _____,

        **D.  Joyce Featherston**    _____.

Regardless of your answers above, proceed to question 4.

4.  Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against Pratt & Whitney:

        Yes _____      No _____

5.  If you answered "yes," to question 4 above, what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against Pratt & Whitney?

        $ _____

**SO SAY WE ALL, this _____ day of _____, 2_____**

        _____

        **FOREPERSON**

**2.8 Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

*Served on December 17, 2021 by*

Mara R. P. Hatfield

/s/ Mara R. P. Hatfield
Mara Ritchie Poncy Hatfield
Florida Bar No. 37053
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL  33409
Phone:  (561)686-6300
Fax:  (561) 383-9451
Email: eserve@searcylaw.com; hatfieldteam@searcylaw.com
Attorneys for Plaintiffs