**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, BETHANY
COTROMANO, FRANK DECARLO,
PAULETTE DECARLO, GREGORY
DUNSFORD, JENNIFER DUNSFORD,                    9:13-cv-80928 Marra
JOYCE FEATHERSTON,

      Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, A
Connecticut Corporation, and PALM BEACH
AGGREGATES, LLC, a Florida Corporation,

      Defendants.

_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

    This case is set for trial on January 18, 2022. DE 640.  Defendant Raytheon

Technologies hereby submits the below jury instructions.

## COURT'S INSTRUCTION'S TO THE JURY BEFORE TRIAL

**AGREED Opening Jury Instruction No. 1**
### 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness
  is testifying about;
· the witness's memory;
· the witness's manner while testifying;
· any interest the witness has in the outcome of the case;
· any bias or prejudice the witness may have;
· any other evidence that contradicts the witness's testimony;
· the reasonableness of the witness's testimony in light of all the evidence; and
· any other factors affecting believability.
At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs are Richard and Bethany Cotromano, Frank and Paulette DeCarlo, Gregory and Jennifer Dunsford, and Joyce and Bill Featherston. The Plaintiffs allege the Defendant, Pratt & Whitney, trucked soil containing radioactive materials to properties in the Acreage, which in turn, Plaintiffs claim, caused the pediatric brain cancer cluster that was publicly designated by the Florida Department of Health in 2010. Plaintiffs claim that they were injured by the designation of a cancer cluster in the Acreage because it caused the value of their properties in the Acreage to be diminished. Pratt & Whitney denies those claims.

<u>Burden of proof</u>:

The Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the

evidence favoring Pratt & Whitney on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Pratt & Whitney.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After Plaintiffs' counsel questions the witness, the Defendant may ask the witness questions – this is called "cross-examining" the witness. Then the Defendant will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction (Civil) 1.1 (General Preliminary Instruction)

**AGREED Opening Jury Instruction No. 2**

**2.2 Use of Depositions**

      A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

      Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 2.2 (Use of Depositions) (modified slightly)

**AGREED Opening Jury Instruction No. 3**

**2.7 In-Trial Instructions on News Coverage**

      Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

      You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 2.7 (In-Trial Instructions on News Coverage)

## COURT'S INSTRUCTION'S TO THE JURY AFTER TRIAL

### AGREED Closing Jury Instruction No. 1

### 3.1 Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### LEGAL AUTHORITY:

Eleventh Circuit Pattern Jury Instruction (Civil) 3.1 (Introduction)

**AGREED Closing Jury Instruction No. 2**

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.2.2 (The Duty to Follow Instructions — Corporate Party Involved)

**AGREED Closing Jury Instruction No. 3**

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.3 (Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court)

**AGREED Closing Jury Instruction No. 4**

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.4 (Credibility of Witnesses)

**AGREED Closing Jury Instruction No. 5**

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.5.1 (Impeachment of Witnesses Because of Inconsistent Statements)

**AGREED Closing Jury Instruction No. 6**

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.6.1 (Expert Witnesses)

**AGREED Closing Jury Instruction No. 7**

**3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for Pratt & Whitney as to that claim.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.7 (Responsibility for Proof — Plaintiffs' Claims — Preponderance of the Evidence) (modified slightly)

16

**AGREED Closing Jury Instruction No. 8**

**Elements of Plaintiffs' Negligence Claims - Introduction**

 In this case, Plaintiffs claim that Pratt & Whitney acted negligently. The issues you must decide on Plaintiffs' negligence claim are whether Pratt & Whitney's conduct was negligent, and, if so, whether that negligence was a legal cause of the loss or damage to Plaintiffs' properties.

**LEGAL AUTHORITY:**

Florida Civil Jury Instructions 401.18 (General Negligence)

**AGREED Closing Jury Instruction No. 8a**

**Elements of Plaintiffs' Negligence Claims – Duty of Care**

*Duty of Care*: Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

Here, Plaintiffs' claims in this case are governed by a federal statute called the Price Anderson Act. Under the Act, in order to establish that Pratt & Whitney breached its duty of care, Plaintiffs must establish both that Pratt & Whitney failed to use reasonable care and that its lack of reasonable care resulted in a "nuclear incident." To prove the occurrence of a "nuclear incident," Plaintiffs must establish that individuals in the Acreage community were exposed to levels of radiation in excess of 0.1 rem in any given year as a result of Pratt & Whitney's conduct.

**LEGAL AUTHORITY:**

Florida Civil Jury Instructions 401.4 (Negligence); 42 U.S.C. § 2014(q), (w), (z), (hh); 10 C.F.R. § 20.1301; *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305 (11th Cir. 1998); DE 647 at 5 (Denial of Plaintiffs' Motion for Summary Judgment)

**AGREED Closing Jury Instruction No. 8b**

**Elements of Plaintiffs' Negligence Claims – Causation**

*Causation*: Negligence is a legal cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the negligence, the loss or damage would not have occurred.

**LEGAL AUTHORITY:**

Florida Civil Jury Instructions 401.12 (Legal Cause)

**AGREED Closing Jury Instruction No. 8c**

**Elements of Plaintiffs' Negligence Claims – Damages**

*Damages*: If your verdict is for Pratt & Whitney, you will not consider the matter of damages. But if the greater weight of the evidence supports each element of Plaintiffs' claim, you should determine and write on the verdict form, in dollars, the total amount of actual financial loss which the greater weight of the evidence shows will fairly and adequately compensate them for that Plaintiff's actual financial loss, including any damages that they are reasonably certain to incur or experience in the future.

**LEGAL AUTHORITY:**

Florida Civil Jury Instructions 501.1(b) (Compensatory Damages, Personal Injury and Property Damages) (modified slightly)

**<u>AGREED Closing Jury Instruction No. 9</u>**

**<u>3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages</u>**

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**<u>LEGAL AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.8.1 (Duty to Deliberate When Only the Plaintiff Claims Damages)

**AGREED Closing Jury Instruction No. 10**

**3.9 Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**LEGAL AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction (Civil) 3.9 (Election of Foreperson Explanation of Verdict Form)

Dated:  December XX, 2021        Respectfully submitted,

By: */s/ Gregor J. Schwinghammer*
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL  33401
Telephone:  (561) 650-0595
Facsimile:  (561) 655-5677
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
BARBARA BOLTON LITTEN
Florida Bar No. 0091642
blitten@gunster.com

BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  (312) 494-4400
Facsimile:  (312) 494-4440
SEAN W. GALLAGHER
*Pro Hac Vice*
sean.gallagher@bartlitbeck.com
ANDREW C. MacNALLY
*Pro Hac Vice*
andrew.macnally@bartlitbeck.com
DANIEL R. McELROY
*Pro Hac Vice*
daniel.mcelroy@bartlitbeck.com
ALEX L. GRODEN
*Pro Hac Vice*
alex.groden@bartlitbeck.com

***Attorneys for Defendant Raytheon Technologies Corporation (Pratt & Whitney)***