UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:13-cv-80928 MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, BETHANY
COTROMANO, FRANK DECARLO,
PAULETTE DECARLO, GREGORY
DUNSFORD, JENNIFER DUNSFORD,
JOYCE FEATHERSTON,

Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
A Connecticut Corporation, and PALM
BEACH AGGREGATES, LLC,
a Florida Corporation,

Defendants.

## RULE 16.1 JOINT STIPULATION FOR JULY 2022 COTROMANO TRIAL SETTING

The Cotromano Plaintiffs and Defendant hereby submit the below joint stipulation.

**(1) A short concise statement of the case by each party in the action:**

**Plaintiffs' Statement:** The Plaintiffs are Richard and Bethany Cotromano, Frank and Paulette DeCarlo, Gregory and Jennifer Dunsford, and Joyce Featherston. The Plaintiffs allege Pratt & Whitney engaged in activities which generated soil containing industrial pollutants including radioactive waste materials which contaminated properties in the Acreage. Plaintiffs claim this contamination was a substantially contributing cause of the pediatric brain cancer cluster that was publicly designated by the Florida Department of Health. Plaintiffs claim that they were injured by the designation of a cancer cluster in the Acreage because it caused the value of their properties in the Acreage to be diminished.

1

**Defendant's Statement**: Pratt & Whitney denies every aspect of Plaintiffs' claims. Specifically, Pratt & Whitney contends that (1) it did not use a quantity of radioactive materials that could have contaminated its own property or the Acreage; (2) it did not mishandle radioactive materials, much less in a manner that could have resulted in such materials being transported to a residential area; (3) soil from Pratt & Whitney was never transported to the Acreage; (4) Plaintiffs' properties are not and were not contaminated with radioactive materials; (5) neither Pratt & Whitney nor radioactive materials from its site caused the cancer of anyone living in the Acreage; and (6) Plaintiffs lack reliable evidence that environmental contamination in soil or water is capable of causing a brain cancer, much less that the incidence of cancer in the Acreage is attributable to such environmental contamination.

**(2) The basis of federal jurisdiction.**

The case was removed by Pratt & Whitney on the following grounds.

    a.    28 U.S.C. §1332(d) (Class Action Fairness Act: Diversity Jurisdiction) and

    b.    42 U.S.C. §2011, et seq. (the "Price-Anderson Act" removal of claims alleging nuclear incident).   See DE-1.

**(3) The pleadings raising the issues.**

a.    DE 318 – Consolidated Class Action Complaint

Upon Consolidation with a prior litigation, Adinolfe v. UTC 10-80883, the parties filed a Consolidated Class Action Complaint. Only the claims labeled as 13-80928 (Cotromano) claims are at issue in this trial setting.

- Count III: Strict Liability – Violation of F.S. § 376.313(3) – Stigma from Contamination Found in Cancer Cluster Investigation (13-80928), Page 29

- Count V: Negligence – Stigma from Contamination Found in Cancer Cluster Investigation  (13-80928) page 31

- Count VII: Nuclear Incident – Stigma via Release of Licensed By-Product or Source Material (Price-Anderson Claim) (13-80928) page 34.

    Plaintiffs' Position: This claim was obviated by DE 763, wherein the Court ruled recently that the Price Anderson Act Amendments do not affect claims alleging property value loss. As such, the first two claims above only will be tried.

        Defendants' Position: In its ruling on the Price Anderson Act bench briefs, the Court accepted the Plaintiffs' position that their negligence, strict liability, and Price Anderson Act claims remain in the case because they have not been dismissed or resolved on a dispositive motion.  DE 762 at 2.  As such, Plaintiffs' Price Anderson Act claim remains in the case unless and until Plaintiffs dismiss that claim with prejudice.

    b.    DE 324 – Pratt & Whitney's Answer to Consolidated Class Action Complaint

**(4)  A list of all undisposed motions or other matters requiring action by the Court.**

- The parties' Joint submission regarding jury instructions (attached as Exhibit A, and as modified pursuant to DE 762)
- Defendant's Objections to Plaintiff's Deposition Designations
- Plaintiff's Objections to Defendant's Deposition Designations
- The Plaintiffs have withdrawn from their witness list the two depositions that were at issue in the Court's January 19, 2022 *sua sponte* order requiring submissions by the parties. Plaintiffs reserve the right to raise the issue if needed in rebuttal. But if Plaintiffs intend to raise the NIOSH study in front of the jury through argument, testimony, or document admission, they will first raise their intent to do so with Defendant and the Court.
- There are also a host of evidentiary issues related to motions in limine filed by Pratt & Whitney that the Court denied without prejudice to the parties' ability to re-raise them as evidence is presented at trial. The parties expect the need to re-raise those issues as they come up in the context of deposition designations, exhibit objections, and trial testimony.

**(5) A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

- The Florida Department of Health identified an increased incidence of pediatric brain cancer in an unincorporated community known as the Acreage, described in a map attached to the FDOH publication the *Acreage Cancer Review*.
- Plaintiffs owned property within the Acreage as described in a map attached to the FDOH publication the *Acreage Cancer Review*.

**(6)  A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

The Parties generally object to each's proposed questions of fact because they are inconsistent with the claims pled, do not accurately reflect the questions in dispute, and / or are ambiguous.

Plaintiffs' Submission

- Was Pratt & Whitney a source of contamination in the Acreage that is associated with an increased risk of brain tumors?
- Was Pratt & Whitney's environmental contamination a substantially contributing cause of the increased incidence of brain tumors suffered by Acreage residents?
- Did the presence of a contamination of a type associated with an increased risk of brain tumors together with the declaration of a "brain tumor cluster" substantially contribute to a property value loss regardless of whether the contamination caused the increased incidence of brain tumors?
- Did the resulting cancer cluster cause a diminution in property values within the Acreage?
- What is the magnitude of the value loss caused by the stigma?
- Did Pratt & Whitney act with reckless disregard?

Defendants' Submission

- Whether Pratt & Whitney used radioactive materials in quantities sufficient to meaningfully contaminate its property.
- Whether Pratt & Whitney used radioactive materials in quantities sufficient to meaningfully contaminate the Acreage.
- Whether Pratt & Whitney disposed of radioactive material other than thoriated nickel in the environment at its property.
- Whether Pratt & Whitney disposed of radioactive material other than thoriated nickel in a manner that contaminated the environment in the Acreage.
- Whether exposure to radionuclides in soil or water is capable of causing brain cancer.
- Whether exposure to radionuclides in soil or water at the levels identified by the Plaintiffs is capable of causing brain cancer.
- Whether soil from Pratt & Whitney was trucked to the home of members of the alleged pediatric cancer cluster announced by the Florida DOH and, if so, whether that soil contained radioactive contamination of a type and level that can cause brain cancer.
- Whether alleged radioactive contamination in soil from Pratt & Whitney in fact did cause the brain cancer of members of the alleged pediatric cancer cluster announced by the Florida DOH, such that Pratt & Whitney caused said alleged cancer cluster.
- Whether and to what extent the alleged cancer cluster caused Plaintiffs' homes to diminish in value.
- Whether and to what extent Plaintiffs were damaged by any reduction in the value of their homes.

**(7)  A concise statement of issues of law on which there is agreement.**

The issues of law on which the parties agree are reflected in the parties' original joint submission regarding jury instructions (DE 744), and briefing related to those joint submissions (DEs 760 and

4

761), which like several other issues, have already been subject to Court Ruling. The parties' updated joint submission regarding jury instructions also contains areas of agreement. (*See* Exhibit A attached hereto).

### (8) A concise statement of issues of law which remain for determination by the Court.

The issues of law on which the parties disagree are also reflected in the parties' original submissions regarding jury instructions (DEs 697, 698, DE 744), and briefing related to those submissions, including:

- DEs 700 and 709 regarding Punitive Damages.
- DEs 733, 734 and 758 regarding the Price Anderson Act.
- DEs 760 and 761 regarding the claims at issue.

The Court has issued rulings related to that briefing, at DE 746 and DE 762. The parties' updated joint submission regarding jury instructions contains areas of disagreement that remain.

### (9) Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document.

The parties have attached their exhibit lists as Exhibit B (Plaintiffs' Exhibit List) and Exhibit C (Defendant's Exhibit List) including objections served on January 5, 2022. The parties noted objections by Reference to the Rules of Evidence. The parties have reached agreements on the admissibility of certain exhibits in these exhibit lists. The parties also have not exchanged objections to certain exhibits added to these exhibit lists since January 5, 2022. The parties will file updated exhibit lists reflecting those agreements and additional objections by Friday, July 1, 2022.

The parties have already exchanged electronic copies of their exhibits. Pursuant to a separate stipulation, they have agreed to a prearranged notice period for the exchange of exhibits to be used on direct examination. That separate stipulation is attached as Exhibit D.

### (10) Each party's numbered list of trial witnesses.

The Parties Witness lists are attached as Exhibit E (Plaintiffs' Witness List) and Exhibit F (Defendant's Witness List).

### (11) Estimated trial time.
19 days (beginning July 5th and ending July 29th).

AGREED this 28th day of June, 2022

By: */s/ Mara R.P. Hatfield*
SEARCY DENNEY SCAROLA
BARNHART & SHIPLEY, P.A.
2139 Palm Beach Lakes Blvd
West Palm Beach, FL 33409
Telephone: (561) 686-6300
Facsimile: (561) 383-9539
Mara Ritchie Poncy Hatfield
Florida Bar No: 037053
mrh@searcylaw.com;
dbotero@searcylaw.com
hatfieldteam@searcylaw.com

***Attorney for Cotromano Plaintiffs***

By: */s/ Daniel McElroy*

GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  (561) 650-0595
Facsimile:  (561) 655-5677
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
BARBARA BOLTON LITTEN
Florida Bar No. 0091642
blitten@gunster.com

BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  (312) 494-4400
Facsimile:  (312) 494-4440
SEAN W. GALLAGHER
*Pro Hac Vice*
sean.gallagher@bartlitbeck.com
ANDREW C. MacNALLY
*Pro Hac Vice*
andrew.macnally@bartlitbeck.com
DANIEL R. McELROY
*Pro Hac Vice*
daniel.mcelroy@bartlitbeck.com
ALEX L. GRODEN
*Pro Hac Vice*
alex.groden@bartlitbeck.com

***Attorneys for Defendant Raytheon Technologies Corporation (Pratt & Whitney)***

Submitted this 28th day of June, 2022.

Mara R. P. Hatfield