UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:13-cv-80928 MARRA
(Consolidated Action: Lead Case)

RICHARD COTROMANO, et al., all on behalf of
themselves and all others similarly situated,
   Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES CORPORATION,
et al,
   Defendants.
_____/

## PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION REGARDING DAMAGES

In order to recover damages for a particular type of loss or harm, Plaintiffs must prove by the greater weight of the evidence that such loss or harm was caused by the conduct of the Defendant. If Plaintiffs prove the occurrence of such loss or harm by the greater weight of the evidence, Plaintiffs are entitled to recover for that loss or harm even though the exact amount of that loss or harm cannot be determined. If you find by the greater weight of the evidence that a particular type of loss or harm did occur as a result of the Defendant's wrongful conduct, the Plaintiffs are entitled to recover for that loss or harm as long as there is some reasonable yardstick by which it can be measured—that is, as long as there is some reasonable basis for estimating or proximating the amount of the loss or harm. The Plaintiffs may not be denied damages merely because the amount of the loss or harm is uncertain or difficult to determine.

GIVEN:   \_\_\_\_\_

MODIFIED:  \_\_\_\_\_

DENIED:   \_\_\_\_\_

WITHDRAWN: _____

Authorities:  Linton v. Pension Services, Corp., 389 So.2d. 247 (Fla.2d DCA 1980); Adams v. Dreyfusd Interstate Dev. Corp., 352 So.2d 76 (Fla 4th DCA 1977); John Hancock Life Ins. Co. v. Mark-A, Inc., 324 So.2d 674 (Fla 2d DCA 1975); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla 3d DCA 1975); Asgrow-Kilgore Co. v. Mulford Hickerson Corp., 301 So.2d 441 (Fla. 1974); Saporito v. Bone, 195 So.2d 244 (Fla 2d DCA 1967); Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 324 F.2d 669 (5th Cir. Fla. 1965); McCall v. Sherbill, 68 So.2d 362 (Fla. 1954); Twyman v. Roell, 123 Fla. 2, 166 So.215 (1936); Bigelow v. RKO Radio Pictures, 327 U.S. 251, 205 (1946); Story Parchment Co. v. Paterson Parchment Paper So., 282 U.S. 555, 563 (1931).