UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

| | |
|---|---|
| RICHARD COTROMANO, et al., all on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney, and PALM BEACH AGGREGATES, LLC, a Florida Corporation,<br><br>    Defendants.<br>_____/ | **9:13-cv-80928 Marra/Reinhart** |
| JOSEPH ADINOLFE, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney,<br><br>    Defendant.<br>_____/ | **9:10-cv-80840 Marra/Reinhart** |

**JOINT DISCOVERY MEMORANDUM PURSUANT TO MAGISTRATE
JUDGE REINHART'S STANDING DISCOVERY ORDER**

The parties certify that they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the below issues require resolution by the Court.

### PRATT & WHITNEY'S INTRODUCTORY STATEMENT

Counsel for the *Adinolfe* Plaintiffs (those represented by the Schlesinger Firm) brought claims on behalf of 689 individually named Plaintiffs, suing for alleged diminution in their property value. DE 237 (10-cv-80840) at 2. The Court ordered that each Plaintiff "has an obligation to provide discovery," including a fact sheet, *id.* at 5, and that "Pratt & Whitney has the right to depose *all* of the Plaintiffs," DE 302 (10-cv-80840) at 2 (emphasis added). In 2016, more than 100 Plaintiffs failed to provide a fact sheet. The Court dismissed those Plaintiffs' claims with prejudice and awarded $6,650 in attorneys' fees to Pratt & Whitney—an amount that Plaintiffs have *still* not paid eight years later. DE 325 (10-cv-80840) at 4 (*Sanctions Order*).

After the Court denied Plaintiffs' motion for class certification, the claims proceeded individually. DE 438. In 2019, the parties agreed to a set of 20 *Adinolfe* Plaintiff properties as "Wave 1" to be worked up for dispositive motion practice and, if necessary, trial. DE 475.[1] The Court's Wave 1 scheduling order required Plaintiffs to provide updated fact sheets and document productions by March 15, 2019. DE 475 at 2. Several Plaintiffs failed to comply, leading to more sanctions—including the Court dismissing additional Plaintiffs for failure to prosecute and requiring others to produce documents, answer interrogatories, and/or appear for depositions. DE 485 (*Order Memorializing Discovery Rulings*); DE 491 (*Order on Pratt & Whitney's Motion to Compel*); DE 493 (*R&R of Dismissals*); DE 495 (*Order Affirming R&R in DE 493*).

Trial is set for the Wave 1 *Adinolfe* Plaintiffs later this year. The Court's scheduling order provides for supplemental fact discovery, given the years that have passed since the last round. DE 919. Several months ago, in compliance with that Order, Pratt & Whitney issued supplemental discovery requests on topics such as recent efforts to value or sell their properties, testing for

---

[1] The *Adinolfe* Plaintiffs consolidated their cases with those brought by a separate group—the *Cotromano* Plaintiffs. The *Cotromano* Plaintiffs attributed the purported property value diminution to the cancer cluster that they allege Pratt & Whitney caused. By contrast, the *Adinolfe* Plaintiffs attributed the purported diminution to alleged groundwater contamination from Pratt & Whitney that they admit did not cause the cancer cluster. The Court defined "Wave 1" to include the 5 *Cotromano* properties and 20 of the remaining *Adinolfe* properties. DE 475. In July 2022, Pratt & Whitney prevailed at trial against the *Cotromano* Plaintiffs, leaving only the *Adinolfe* Plaintiff properties remaining in "Wave 1."

contamination, and more. The production deadline was January 17, 2024. *Id*.

The current disputes arise out of the Wave 1 Plaintiffs' failures to provide fulsome document productions and/or interrogatory answers. Plaintiffs' statement that they have timely met their obligations is not accurate, because deficiencies remain even with their late responses. The parties have discussed these specific issues at length and could not resolve the disputes.

## PLAINTIFFS' INTRODUCTORY STATEMENT

There are 18 *Adinolfe* Plaintiff properties who had to submit supplemental discovery by January 17, 2024. Sixteen of the eighteen met or substantially met their obligations by timely serving their responses. Following this production, the parties met and conferred on various issues Pratt & Whitney raised, and the plaintiffs largely cured or addressed them, though, few issues remain and will be addressed below. It also must be mentioned that Pratt & Whitney is now raising issues regarding certain Plaintiffs for the first time in this pleading, which is improper.

## ISSUES IN DISPUTE

1. **Missing Plaintiffs (Sasser & Andersen, Vasquez)**

   A. **Pratt & Whitney's submission:**

   Plaintiffs Edgar Sasser and Sharon Andersen, who jointly maintain a claim regarding their property, and Plaintiff Generosa Vasquez, failed to provide any discovery responses whatsoever, missing the deadline entirely. Ex. 1 (RFPs and Interrogs. to Sasser & Andersen, Vasquez).

   Mr. Sasser and Ms. Andersen appear to have sold their home in 2023 but have not produced a single document or answered a single supplemental interrogatory. Plaintiffs' counsel indicated on the day of the discovery deadline that Plaintiff Andersen passed away, but did not share when this happened or when he learned this information, nor has he clarified if or how these Plaintiffs intend to pursue their claims. Similarly, Plaintiffs' counsel indicated on the day of the discovery deadline that Ms. Vasquez had passed away, but that fact was already shared with the Court nearly five years ago, and Plaintiffs have done nothing with respect to her claim since then. DE 482 at 3 ("Mr. Vazquez's wife has sadly passed away during the pendency of the class certification motion.").[2] It is not clear if or how Plaintiffs intend to pursue her claim.

   Given these Plaintiffs' failure to comply with the discovery deadlines, or even confirm their continued pursuit of these claims, Pratt & Whitney requests that the Court dismiss their claims

---

[2] Mr. Vasquez's claim was dismissed with prejudice in 2019 for failure to prosecute. DE 495.

with prejudice. Alternatively, Pratt & Whitney requests that the Court give these Missing Plaintiffs seven days to cure their discovery failures or face dismissal.

### B. Plaintiffs' submission:

Two sets of Plaintiffs have not yet submitted discovery responses: Edgar Sasser and Sharon Anderson, who jointly owned a property, and the Vasquez property. In the course of completing updated discovery Plaintiff's counsel learned that Ms. Anderson had passed away, and communicated same to Defendant's counsel. Mr. Sasser is elderly, he lives now with his daughter and counsel is working with him to complete his discovery. On the Vasquez property, Mr. Vasquez's claim was dismissed in 2019. Because Ms. Vasquez passed away and an estate has not been substituted as party, there may not be a mechanism to respond to discovery. Plaintiff recommends filing a notice of suggestion of death and proceed accordingly.

## 2. Recent Sales (Bahl, Carpenter, Espinoza)

### A. Pratt & Whitney's submission:

Plaintiffs William Bahl, Karen and Daniel Carpenter, and Jose and Olga Espinoza recently sold their homes. Home sales are central to Plaintiffs' claims of alleged property value diminution. Yet their corresponding document productions and interrogatory responses are incomplete.

*Document Production*. Pratt & Whitney's RFPs 1-6 seek documents relating to Plaintiffs' property's value and property sale. Ex. 2 (RFPs to Bahl, Carpenter, Espinoza). Yet Mr. Bahl and the Carpenters failed to produce any documents regarding disclosures to their buyer, as well as communications exchanged with their realtor, bank, buyer, or others related to the sale and listing. The Carpenters also produced unusable photos of documents (file type ".jpg") related to their property listing that include images of a person's shoes and a table. Ex. 3 (Carpenter Photos). The Espinozas similarly failed to produce, save for a one-sentence email, communications or documents they exchanged with their realtor, bank, buyer, or others related to the sale and listing.

*Interrogatory 1(f)*. The Carpenters and Espinozas did not provide fulsome answers to Interrogatory 1(f), which asks for a description of any disclosures made to, and communications with, buyers or prospective buyers about this case or any environmental conditions affecting the value of the property. These disclosures are central to Plaintiffs' theory of causation and alleged damages. For example, the Carpenters answered that the buyer "was aware of the cancer cluster" but do not describe what (if any) disclosures or communications they exchanged with said buyer about the cancer cluster or groundwater contamination. Ex. 4 (Carpenter Interrog. Resps.); Ex. 5

(Espinoza Interrog. Resps.) (pointing to documents but not describing or providing communications with their realtor or buyer, including communications related to why they provided an updated disclosure).

Pratt & Whitney requests that the Court give these Plaintiffs seven days to cure their discovery failures or face dismissal.

### B. Plaintiffs' submission:

Plaintiffs Bahl, Carpenter, and Espinoza all responded to the interrogatories and document requests. These plaintiffs indeed produced the documents they have related to the sale of their home. In addition, their respective realtors were also contacted and asked to provide documents Pratt & Whitney seeks. Plaintiffs produced what their realtors provided. In addition, upon information and belief, Ms. Carpenter's realtor switched firms recently and does not have access to her old emails. Defendant's proposed sanction is unduly harsh. These Plaintiffs have sat through depositions, produced fact sheets, produced documents, and responded to supplemental discovery. Even if the Court agrees that Plaintiffs should provide better responses, the Court should provide more time for doing so, and dismissal is entirely unwarranted.

### 3. Interrogatory No. 6 (Bahl, Carpenter, Espinoza, Gallucci, Leech, Messner, Nasice)

### A. Pratt & Whitney's submission:

Pratt & Whitney's Interrogatory No. 6 asked if the Plaintiffs' properties were connected to municipal water, and for a description of "any efforts you have made to connect your property to municipal water including any reasons for not doing so." *See, e.g.*, Ex. 6 (Interrogs. to Bahl). Several Plaintiffs—William Bahl, Karen and Daniel Carpenter, Jose and Olga Espinoza, Michael and Rocco Gallucci, Joseph and Audra Leech, Michael and Hallie Messner, and Colber and Juliene Nasice—did not provide a fulsome answer. Most of these Plaintiffs answered that their properties were not connected to municipal water, but failed to answer the second part of the interrogatory. Exs. 4, 5, 7-11 (Bahl, Carpenter, Espinoza, Gallucci, Leech, Messner, & Nasice Interrog. Resps.). The efforts Plaintiffs have made or failed to make to connect to municipal water bear on the truth of their claims that they have concerns about the water quality on their properties. Pratt & Whitney further disagrees with Plaintiffs both on the scope of permissible discovery and that Bahl's property (which he just sold in 2023) being vacant means a municipal water connection is somehow irrelevant.

Plaintiffs' suggestion that Pratt & Whitney did not properly raise this issue is incorrect.

The parties met and conferred about Interrogatory 6 and many other issues by phone and email. Plaintiffs have made rolling, untimely productions of discovery responses since the deadline. After reviewing the late responses, Pratt & Whitney conveyed the remaining deficiencies in these Plaintiffs' responses to Plaintiffs' counsel on February 6, over a week before the hearing.

Pratt & Whitney requests that the Court give these Plaintiffs seven days to cure their discovery failures or face dismissal.

### B. Plaintiffs' submission:

Pratt & Whitney raises this issues for the first time here, which is improper. Following Plaintiffs' production of January 17, 2024, the parties met and conferred on issues and concerns Pratt & Whitney had. It did not express that the Plaintiffs identified in the paragraph above did not fully answer Interrogatory 6. This is the first Plaintiffs counsel is notified of such concerns. What's more, the Galluci, Leech, Messner and Nasice plaintiffs sold their Acreage homes before they were even deposed. Counsel for Pratt & Whitney had ample opportunity to discuss whether these plaintiffs connected to municipal water during the deposition. The purpose of this round of discovery is to seek updated information on events occurring since a deposition. The same principle applies for the other plaintiffs as well: Bahl Carpenter and Espinoza, as they too were deposed and were examined at length about the source of water on their properties. Defendant's concern here is without merit. Pratt & Whitney's concern with Mr. Bahl's property is of no moment since his property was a vacant lot. Defendant's proposed sanction is unduly harsh. These Plaintiffs have sat through depositions, produced fact sheets, produced documents, and responded to supplemental discovery. Even if the Court agrees that Plaintiffs should provide better responses, the Court should provide more time for doing so, and dismissal is entirely unwarranted.

### 4. Other Document Production Deficiencies (Hanstein, Messner)

### A. Pratt & Whitney's submission:

*Document Production*. Plaintiffs Russell and Deborah Hanstein and Michael and Hallie Messner declined to provide any documents in response to Pratt & Whitney's supplemental requests, imposing an artificial temporal limitation on the scope of the requests. Ex. 12 (Hanstein RFP Resps.); Ex. 13 (Messner RFP Resps.). These Plaintiffs confirmed in deposition that they may have as-yet-unproduced documents relating to their property sales. Ex. 14 at 32:21-33:16, 34:23-35:17, 36:17-36:21, 99:14-100:2, 126:5-127:18 (Messner Dep. Tr.); Ex. 15 at 73:18-74:2, 86:16-87:16; 98:15-98:23 (Hanstein Dep. Tr.).

*Interrogatory No. 1(f)*. Much like the recent sale Plaintiffs, *supra*, the Messners did not provide a fulsome answer to Interrogatory 1(f), asking for a description of environmental disclosures and communications accompanying their property sale. Plaintiffs merely responded: "Disclosures to potential buyers were done by the realtors." Ex. 10 (Messner Interrog. Resp.). Pratt & Whitney disagrees with Plaintiffs on the scope of permissible discovery; moreover, Plaintiffs should be compelled to provide responsive documents and fulsome interrogatory answers, particularly on issues central to their claims.

Pratt & Whitney requests that the Court give these Plaintiffs seven days to cure their discovery failures or face dismissal.

### B. Plaintiffs' submission:

Pratt & Whitney's complaint is improper because their discovery requests as to Hanstein and Messner are way outside the scope and purpose of this round of supplemental discovery. The Hansteins sold their property in 2015, they were deposed in February of 2016. The Messners too sold in 2015 and were deposed in January of 2016. Pratt & Whitney is charging Plaintiffs with putting an "artificial temporal limitation on the scope of the requests." Not so. The purpose of this supplemental discovery is to obtain information relevant to the claims and defenses from the time Plaintiffs previously sat for deposition or produced documents. This is not an opportunity to search back and seek more detail or information on issues that were covered long ago and without any timely follow up. Defendant's proposed sanction is unduly harsh. These Plaintiffs have sat through depositions, produced fact sheets, produced documents, and responded to supplemental discovery. Even if the Court agrees that Plaintiffs should provide better responses, the Court should provide more time for doing so, and dismissal is entirely unwarranted.

February 9, 2024

By: /s/ *Gregor J. Schwinghammer, Jr.*
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL  33401
Telephone:  (561) 650-0595
Facsimile:  (561) 655-5677
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
BARBARA BOLTON LITTEN
Florida Bar No. 0091642
blitten@gunster.com

BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:  (312) 494-4448
Facsimile:  (312) 494-4440
SEAN W. GALLAGHER
*Pro Hac Vice*
sean.gallagher@bartlitbeck.com
ANDREW C. MacNALLY
*Pro Hac Vice*
andrew.macnally@bartlitbeck.com
DANIEL R. McELROY
*Pro Hac Vice*
daniel.mcelroy@bartlitbeck.com
ALEX L. GRODEN
*Pro Hac Vice*
alex.groden@bartlitbeck.com
WILLIAM D. GOHL
*Pro Hac Vice*
will.gohl@bartlitbeck.com

***Attorneys for Defendant RTX Corporation (Pratt & Whitney)***

Joint Discovery Memorandum Pursuant To
Magistrate Judge Reinhart's Standing Discovery Order

Index of Exhibits

| Exhibit | Description |
|---|---|
| 1-1 | RTX Corporation's Supplemental Interrogatories to Plaintiffs Edgar Sasser and Sharon Andersen, served October 17, 2023 |
| 1-2 | RTX Corporation's Supplemental Request for Production of Documents to Plaintiffs Edgar Sasser and Sharon Andersen, served October 17, 2023 |
| 1-3 | RTX Corporation's Supplemental Interrogatories to Plaintiff Generosa Vasquez, served October 17, 2023 |
| 1-4 | RTX Corporation's Supplemental Request for Production of Documents to Plaintiff Generosa Vasquez, served October 17, 2023 |
| 2-1 | RTX Corporation's Supplemental Request for Production of Documents to Plaintiff William Bahl, served October 17, 2023 |
| 2-2 | RTX Corporation's Supplemental Request for Production of Documents to Plaintiffs Daniel and Karen Carpenter, served October 17, 2023 |
| 2-3 | RTX Corporation's Supplemental Request for Production of Documents to Plaintiffs Jose and Olga Espinoza, served October 17, 2023 |
| 3 | Photos produced by Daniel and Karen Carpenter |
| 4 | Plaintiffs Daniel and Karen Carpenter's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 5 | Plaintiffs Jose and Olga Espinoza's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 6 | RTX Corporation's Supplemental Interrogatories to Plaintiff William Bahl, served October 17, 2023 |
| 7 | Plaintiff William Bahl's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 8 | Plaintiffs Michael and Rocco Gallucci's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 9 | Plaintiffs Joseph and Audra Leech's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 10 | Plaintiffs Michael and Hallie Messner's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |
| 11 | Plaintiffs Colber and Juliene Nasice's Answers to RTX Corporation's Supplemental Interrogatories, served January 17, 2024 |

| Exhibit | Description |
|---|---|
| 12 | Plaintiffs Russell and Deborah Hanstein's Responses to Defendant RTX Corporation's Supplemental Request for Production of Documents, served January 17, 2024 |
| 13 | Plaintiffs Michael and Hallie Messner's Responses to Defendant RTX Corporation's Supplemental Request for Production of Documents, served January 17, 2024 |
| 14 | Deposition of Michael Messner, taken on January 28, 2016 (excerpts) |
| 15 | Deposition of Russell Hanstein, taken on February 12, 2016 (excerpts) |