# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

| | |
|---|---|
| RICHARD COTROMANO, et al., all on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney, and PALM BEACH AGGREGATES, LLC, a Florida Corporation,<br><br>　　　Defendants.<br>_____ / | **9:13-cv-80928 Marra/Reinhart** |
| JOSEPH ADINOLFE, et al.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney,<br><br>　　　Defendant.<br>_____ / | **9:10-cv-80840 Marra/Reinhart** |

**PRATT & WHITNEY'S MOTION FOR SANCTIONS PURSUANT TO MAGISTRATE JUDGE REINHART'S ORDER DE 956**

The written discovery response deadline for the Wave 1 *Adinolfe* Plaintiffs passed on January 17, 2024. DE 919. On February 14, 2024, the Court held a discovery hearing to address certain Plaintiffs' failures to comply with the deadline. The Court then issued rulings directed to specific plaintiffs who had not complied. DE 956. In particular, the Court ordered that Mr. Sasser must comply by February 21, 2024. *Id*. That second-chance deadline came and went without any production or discovery responses from Mr. Sasser. In fact, Plaintiffs' counsel states Mr. Sasser is not responding to his outreach. DE 962. Mr. Sasser's claims should be dismissed with prejudice.

## ARGUMENT

Plaintiff Sasser is simply missing from the case and continues to fail to prosecute his claims. His claims should be dismissed with prejudice.

Mr. Sasser let the Court's January 17, 2024 deadline pass without providing any discovery whatsoever. At the February 14 discovery hearing, the Court found that Mr. Sasser committed a discovery violation and ordered him to comply with his discovery obligations by February 21. DE 956. Mr. Sasser failed to do so. Plaintiffs' recent filing adds that "Mr. Sasser has not been responsive to counsel's repeated requests to respond to discovery. Plaintiff's counsel therefore cannot respond to the discovery requests on his behalf." DE 962. Mr. Sasser has thus now violated two Court orders to provide discovery and has effectively abandoned any participation in his own case.

Under prevailing law and the precedent in this case for this exact situation, Mr. Sasser's claims should be dismissed with prejudice. *See* DE 325 (10-cv-80840) (dismissing over 100 Plaintiffs for failing to provide a fact sheet, even after the Court gave 20 additional days to comply and citing *Immuno Vital, Inc. v. Telemundo Grp., Inc.,* 203 F.R.D. 561, 571 (S.D. Fla.

1

2001) (discussing willfulness and prejudice requirements for the sanction of dismissal)); DE 493 (recommending the district court dismiss Plaintiffs' claims with prejudice for failing to meet discovery deadlines; recommendation adopted by the district court at DE 495); *see also Dunn v. City of Boynton Beach*, 2017 WL 3635116, at *1 (S.D. Fla. Feb. 8, 2017) (J. Marra) (ordering dismissal with prejudice where plaintiff "completely abandoned prosecution of [his] action" by failing to respond to discovery requests); Fed. R. Civ. P. 37(b)(2)(A) (authorizing the Court to dismiss with prejudice for failing to obey a Discovery Order).

Plaintiff Sasser's failures are both willful and prejudicial. He has defied two Court orders and has willfully chosen not to participate in his own lawsuit. As the Court has previously recognized: Each Plaintiff has asserted an individual claim against Pratt & Whitney and, therefore, has "an obligation to provide discovery under the Federal Rules." DE 237 at 5 (10-cv-80840). As for prejudice, this Court has acknowledged that Pratt & Whitney "must obtain discovery from *each Plaintiff* to prepare its defenses to *each Plaintiff's* claims." *Id*. (emphases added). Without discovery, Pratt & Whitney cannot adequately do so.

## CONCLUSION

Pratt & Whitney has "been forced to devote time and resources to an abandoned claim." *Dunn*, 2017 WL 3635116, at *1. The Court should dismiss Plaintiff Sasser's claims with prejudice.

Dated: February 22, 2024

Respectfully submitted,

By: /s/ *Gregor J. Schwinghammer, Jr.*
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 650-0595
Facsimile: (561) 655-5677
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
BARBARA BOLTON LITTEN
Florida Bar No. 0091642
blitten@gunster.com

BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
SEAN W. GALLAGHER
*Pro Hac Vice*
sean.gallagher@bartlitbeck.com
ANDREW C. MACNALLY
*Pro Hac Vice*
andrew.macnally@bartlitbeck.com
DANIEL R. MCELROY
*Pro Hac Vice*
daniel.mcelroy@bartlitbeck.com
ALEXANDER L. GRODEN
*Pro Hac Vice*
alex.groden@bartlitbeck.com
WILLIAM D. GOHL
*Pro Hac Vice*
will.gohl@bartlitbeck.com

***Attorneys for Defendant RTX Corporation (Pratt & Whitney)***