**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| RICHARD COTROMANO, et al., | 9:13-cv-80928 Marra/Reinhart |
| | Consolidated Case: Lead Action |
| Plaintiffs, | |
| v. | |
| RTX CORPORATION, d/b/a PRATT & WHITNEY, | |
| Defendant. | |
| _____/ | |
| JOSEPH ADINOLFE, et al., | 9:10-cv-80840 Marra/Reinhart |
| Plaintiffs, | |
| v. | |
| RTX CORPORATION, d/b/a PRATT & WHITNEY, | |
| Defendant. | |
| _____/ | |

**PLAINTIFFS' MOTION FOR SANCTIONS FOR IMPROPER ATTORNEY CONDUCT AT DEPOSITIONS, OR, IN THE ALTERNATIVE, TO LIMIT THE GROUNDS DEFENDANT IS CONDUCTING UPDATED DEPOSITIONS**

The *Adinolfe* Plaintiffs respectfully file this motion for an order sanctioning Defendant for its counsel's improper conduct during deposition, or, in the alternative, to limit the grounds Defendant is conducting updated depositions. For the reasons set forth the Court should grant Plaintiffs' motion.

On March 21, 2024, the Court granted Defendant's motion to conduct supplemental depositions. (Doc. 973). Defendant sought updated testimony on two groups of plaintiffs: those who sold since the time of their last deposition; and those who still live in the Acreage. For the plaintiffs who sold, Defendant told the Court it "needs discover details about the sales, including

negotiations around price and requisite disclosure about the allegations in this case." (Doc. 958, Def. Mot. at 1). For those who remain, Defendant told the Court it "needs to understand the current state of the property, what (if anything plaintiffs have done to test for contamination…since they initially gave testimony, how (if at all) they have changed their at-home behavior, and what (if anything they have done to change their water source…." *Id.* Based on these *limited* issues, the Court found Defendant established good cause to take supplemental depositions. (Doc. 973) (emphasis added).

Two of the updated depositions took place on April 25, 2024: Ms. Samson's, followed by Ms. Villante's. Two more are set for April 26. Defendant's examinations went far beyond the limited grounds Defendant put forth to justify its motion for leave.

Most egregious was Defendant's attorneys' examination on offers of settlement that Defendant made to the plaintiffs in this trial wave pursuant to Fla Stat. sec. 768.79.[1] By way of background, Defendant served the offers on October 2, 2023. Defendant emailed the undersigned correspondence outlining its views of the case and attached the corresponding offers. *See* Exhibit 1 and 2, Correspondence and Offer of Settlement to Kay Samson.

At Ms. Samson's deposition, Defendant's counsel, marked the correspondence and the offer as an exhibit. Counsel asked Ms. Samson whether she was provided a copy of those documents. He asked her whether she knew Defendant offered to settle her case for $500. He asked whether she knew the effect of rejecting the offer and told her that she may be liable for Defendant's fees and costs from the date of the offer if she does not prevail at trial or prevails in an amount under 75% of the offer. Counsel then asked whether Ms. Samson had a counter offer to make Defendant.

---

[1] Plaintiffs will file the transcripts upon receiving same.

Ms. Samson's counsel objected to each of these questions on the grounds they violate attorney-client privilege. The only way for Ms. Samson to be aware of the content of the correspondence, the legal consequences of an offer of settlement, and whether to make a counter-offer, is through communications with counsel. The undersigned therefore instructed Ms. Samson not to answer the questions. The undersigned terminated the deposition of Ms. Villante when another of Defendant's counsel proceeded to go down the same line of questioning.

Fed. R. Civ. P. 30(d)(2) provides that "the court may impose an appropriate sanction – including the reasonable expenses and attorneys' fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Further, the Court has inherent power to assess sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32 45-46 (1991). Fed. R. Civ. P. 30(d)(3) also provides that "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith…."

Defendant's counsel's conduct merits sanctions. Rule 4-4.2(a) of the Florida Rules of Professional Responsibility states that "In representing a client, a lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter…." Defendant's counsel knows Ms. Samson and Ms. Villante have lawyers. They are prohibited from communicating with the Plaintiffs about the subject matter of this lawsuit. But that's exactly what was attempted here. The on-the-record request of Ms. Samson for a counter offer plainly violates Rule 4-4.2(a). What's more, providing Ms. Samson and Ms. Villante with the October 2, 2023, correspondence, and asking questions about their knowledge of the legal effect of an offer of settlement violates the attorney-client privileges, the attorney work product privilege, and totally frustrates the fair examination of the deponents. Wrapped in

3

complete bad faith, Defendant's counsel attempted to use the deposition to directly communicate with the undersigned's clients in a manner they would not be able to do otherwise. There is no justification for this improper behavior, which was only meant to harass and intimidate these Plaintiffs.

Based on the above, the Court should sanction Defendant and its counsel for the conduct displayed here. At minimum, the Court should limit the examination to the narrow topics Defendant listed when it moved for leave to take supplemental depositions.

Finally, Fed. R. Civ. P. 30(d)(3)(C) provides that Rule 37(a)(5) applies to the award of expenses. If a discovery motion is granted, the Court must "require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5). Should the Court grant this motion, it should provide the undersigned with opportunity to present its reasonable expenses and fees associated with raising these issues.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant Plaintiff's motion for sanctions for Defendant's counsel's improper conduct during deposition, or, in the alternative, to limit the grounds Defendant is conducting updated depositions, and grant such other and further relief as the Court deems just and proper.

Dated: April 26, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *Jeffrey L. Haberman*
　　　　　　　　　　　　　　　　　　　　　SCHLESINGER LAW OFFICES, P.A.
　　　　　　　　　　　　　　　　　　　　　1212 Southeast Third Avenue
　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, Florida 33316
　　　　　　　　　　　　　　　　　　　　　jhaberman@schlesingerlaw.com
　　　　　　　　　　　　　　　　　　　　　(954) 467-8800

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of April, 2024, I served the foregoing by CM/ECF, which will provide notice to all parties and counsel of record.

/s/ *Jeffrey L. Haberman*
SCHLESINGER LAW OFFICES, P.A.
1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
jhaberman@schlesingerlaw.com
(954) 467-8800