UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80928-CIV-MARRA
(Consolidated Action: Lead Case)

| | |
|---|---|
| RICHARD COTROMANO, et al., all on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney, and PALM BEACH AGGREGATES, LLC, a Florida Corporation,<br><br>　　　Defendants.<br>_____/ | 9:13-cv-80928 Marra/Reinhart |
| JOSEPH ADINOLFE, et al.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>RTX Corporation, d/b/a Pratt & Whitney,<br><br>　　　Defendant.<br>_____/ | 9:10-cv-80840 Marra/Reinhart |

**CASE MANAGEMENT ORDER**

**I.　INTRODUCTION**

　　　This Case Management Order (Order) applies to all Plaintiffs except for those in Wave 1 who have been through case-specific discovery and are set for trial. *See* DE 475 (identifying the "Wave 1" Plaintiffs). These cases have been pending, largely without updated discovery or dispositive motion practice, for over a decade while the Wave 1 cases have been through updated discovery and motion practice that is potentially dispositive. The Court has received a fully

briefed motion for summary judgment in the Wave 1 cases and further has set those cases for trial in the event it determines that summary judgment is not warranted.

This Order is intended to bring the remaining, non-Wave 1 cases to the point where they too can be resolved expeditiously either through motion practice or trial. As set forth below, the Order requires all Plaintiffs not in Wave 1 to produce and/or update certain fact and expert discovery regarding their claims and to submit a memorandum as to their position regarding Pratt and Whitney's pending summary judgment motion (DE 1025) and its potential case dispositive application to their case.

## II.     EFFECTIVE DATE OF ORDER

To allow time for the resolution of the Wave 1 cases, this Order will be stayed for 165 days following its entry. It will become effective without further action of the parties or the Court on the 166th day after the date on which the Order is signed and entered ("Effective Date").

## III.    MEMORANDUM REGARDING PRATT & WHITNEY'S PENDING MOTION FOR SUMMARY JUDGMENT

With the exception of Plaintiffs in Wave 1, within 60 days of the Effective Date of this Order, each Plaintiff is Ordered to submit a memorandum as to their position regarding Pratt & Whitney's pending summary judgment motion (DE1025) and its potential case dispositive application to their case. This submission shall address the question of whether summary judgment should be granted or denied and shall comply with the requirements of FRCP 56. Pratt & Whitney may then file its response(s) within 30 days.

## IV.    FACT DISCOVERY

With the exception of Plaintiffs in Wave 1, within 60 days of the Effective Date of this Order, each Plaintiff must:

- Provide an updated plaintiff fact sheet including a notarized signature.

- Provide updated responses to all Requests for Production previously served on the Plaintiff by Pratt & Whitney.

- Provide verified responses to the supplemental Interrogatories Pratt & Whitney previously served on Wave 1 Plaintiffs pursuant to DE 919.

- Provide responses and productions to the supplemental Requests for Production Pratt & Whitney previously served on Wave 1 Plaintiffs pursuant to DE 919.

- Provide a signed and notarized declaration of diligent search confirming that the Plaintiff has diligently collected and produced to Pratt & Whitney responsive, non-privileged documents in his or her possession, custody, or control, including materials from real estate agents, real estate attorneys, or others representing them in connection with the property at issue.

## V. EXPERT DISCOVERY

With the exception of Plaintiffs in Wave 1, within 60 days of the Effective Date of this Order, each Plaintiff must:

- Produce an expert report from a qualified property appraiser addressing the cause and amount of any alleged diminution in value of their individual property. The report must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2).

- Produce an expert report from a qualified geologist, hydrogeologist, or other qualified professional addressing whether alleged groundwater contamination from Pratt & Whitney could reach an area proximate to each Plaintiff's individual property now or in the future. The report must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2).

## VI. NON-COMPLIANCE

If any Plaintiff fails to comply with the terms of this Case Management Order, Pratt & Whitney may file a motion to dismiss the Plaintiff's claims with prejudice. The Plaintiff may respond to Pratt & Whitney's motion within thirty (30) days. If the Plaintiff does not respond, Pratt & Whitney may file a notice of non-opposition with the Court and request dismissal of their individual claims with prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of April, 2025.

KENNETH A. MARRA
United States District Judge